GEORGE SMITH

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa November 14, 1885.*

1.  CRIMINAL LAW — BURGLARY — *as to ownership of building — how it may be laid.* In an indictment for burglary, the ownership of the building entered may be laid in the occupant whose possession is rightful, as against the burglar. Rooms rented to a person constitute his dwelling house, when they are occupied as such.

. 2.  An indictment for burglary charged that the entry was into the dwelling house of D., and the proof showed that D. did not own the house where he dwelt, but that he rented the first floor of the house in which was his room from which the property was taken, and that the owner occupied the apartments above: *Held,* no variance, and that the proof sustained the charge in the indictment as to the matter of ownership.

3.  SAME — *possession of stolen goods as evidence to connect party with a burglary.* Where a larceny of goods is committed at the time of a burglary, and from the same house, the possession of a party, about a month afterward,

of some of the stolen goods, is proper evidence of his guilt and participation in the burglary, as well as in respect to the larceny itself.

4.  EVIDENCE—*as to statements by one of two defendants in a criminal prosecution.*   On the trial of A and B for burglary, the statements of B relating to the crime, made to an officer in the absence of A, are clearly admissible against B, and therefore proper evidence to go to the jury on the trial of both together.

5.  WITNESS—*competency—one of two defendants in a criminal prosecution against his co-defendant.*   Under the statute rendering parties accused of crime competent witnesses, a joint defendant in an indictment is a competent witness against his co-defendant being tried with him.

6.  So where two parties are tried together under an indictment for burglary, and one of them testifies in his own behalf, there is no error in refusing to instruct the jury that his testimony can not be used or considered as against his co-defendant.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. R. S. WILLIAMSON, Judge, presiding.

Mr. J. R. ANDERSON, for the plaintiff in error:

The refusal of the court to direct the jury to acquit plaintiff in error on the ground of variance between the proofs and the allegations as to the ownership of the house burglarized, was and is error.  Wharton on Crim. Law, (8th ed.) sec. 798; East's Pleas of the Crown, 498-500.

It was the duty of the court to see that the defendant had a fair trial, and a new trial should have been granted.  Wharton on Crim. Evidence, sec. 680; *Commonwealth* v. *Walker,* 13 Allen, 570; *Commonwealth* v. *Kenny,* 12 Metc. 235; *Commonwealth* v. *McDermott,* 123 Mass. 440; *State* v. *Arnold,* 48 Iowa, 556; *Patten* v. *State,* 6 Ohio St. 467; *Lawson* v. *State,* 20 Ala. 66; *Morrison* v. *State,* 5 Ohio, 439; *Commonwealth* v. *Briggs,* 5 Pick. 429; *Commonwealth* v. *Ingraham,* 7 Gray, 46.

The mere possession of stolen goods, without other evidence of guilt, is not regarded as even *prima facie* evidence of burglary.   The rule in larceny does not apply to burglary.  *State* v. *Hayden,* 45 Iowa, 11; *People* v. *Beaver,* 49 Cal. 57; *Rex* v. *Coots,* 2 Cox's C. C. 188; *People* v. *Gordon,* 40 Mich. 716;

Brief for the People.

*State* v. *Reid*, 20 Iowa, 413; *Davis* v. *People*, 1 Parker's C. R. 447; *Jones* v. *People*, 6 id. 126; *Commonwealth* v. *Thompson*, 99 Mass. 444.

There was error in allowing the co-defendant, Dennis, to testify against plaintiff in error. The statute allowing a defendant to testify in his own behalf does not make him competent to testify against his co-defendant. Wharton on Crim. Evidence, sec. 439; *People* v. *Gerber*, T. & M. 647; *Noys* v. *State*, 40 N. J. L. (12 Vroom,) 429; 2 Hawkins' Pleas of the Crown, chap. 46, sec. 90.

Mr. GEORGE HUNT, Attorney General, for the People:

In an indictment for larceny, property alleged to have been stolen may be laid as being the property of the real owner, or of any person having a special property in it as bailee. *Murphy* v. *People*, 104 Ill. 528; *Collins* v. *People*, 39 id. 233.

In burglary, ownership means any possession which is rightful, as against the burglar. 2 Bishop on Crim. Proc. sec. 137, and cases cited; Wharton on Crim. Law, (8th ed.) sec. 804.

Even the owner may be indicted for burglary in his lodger's apartments. Wharton on Crim. Law, sec. 805.

Transient guests' chambers are to be laid as the landlord's dwellings. It is otherwise with permanent guests. Wharton on Crim. Law, secs. 802-804.

Any and every settled habitation of a man and his family is his house or mansion in respect to its burglarious entry. *Mason* v. *People*, 26 N. Y. 200.

Whenever a building is severed by lease into distinct habitations, each becomes the mansion or dwelling of the lessee thereof. *Mason* v. *People*, 26 N. Y. 200.

A room or rooms in a tenant house, rented to separate families, with a door and entry common to all, each constituted the dwelling house of the particular occupant, in the sense of the law. *Mason* v. *People*, 26 N. Y. 200.

Any evidence proper as to either of two defendants tried together, is admissible, and its effect may be limited by instruction.

When a burglary and larceny are both committed at the same time and place, the possession, recently after, of some of the stolen property, is *prima facie* evidence of guilt as to both offences.

Either defendant was a competent witness, and his testimony is legal and competent evidence for the jury.

Mr. Julius S. Grinnell, State's Attorney, also for the People.

Mr. Justice Sheldon delivered the opinion of the Court:

This was an indictment for burglary, against George Smith, *alias* George Buckingham, and Thomas Dennis, upon which the latter was acquitted, and the former convicted and sentenced to the penitentiary for fifteen years. The defendant convicted brings this writ of error.

The first point made by plaintiff in error is, that there is a variance between the proof and indictment, in that the indictment charges the burglarious entry was into the dwelling house of Francis Demling, while the proof shows that Demling did not own the house where he lived, but that he rented the first floor of the house, where was his room from which the property was taken, from one Groosheimer, the owner, who lived in the apartments above. In burglary, the ownership may be laid in the occupant whose possession is rightful as against the burglar. (2 Bishop on Crim. Proc. sec. 138.) The rooms rented to Demling constituted the dwelling house of Demling in the sense of the law. (*Mason* v. *People*, 26 N. Y. 200.) There is nothing in this point.

. It is urged next, that the court below erred in allowing the witness Bannon to give in evidence the statement made to him by the co-defendant, Dennis, at a time when Smith was

under arrest. The statement was clearly evidence against Dennis, and was therefore properly admitted to go to the jury on the trial of the two defendants together.

It is insisted that the possession by Smith of a part of the property stolen does not afford evidence to connect him with the burglary. It is admitted that the possession of property recently stolen is *prima facie* evidence that the person in possession committed the larceny. But it is claimed that there is a distinction in this respect between larceny and burglary. We see no foundation for any such distinction here. The proof shows that the larceny was committed at the same time with the burglary, and that about a month afterward Smith was found in possession of part of the articles stolen. The same person that committed the larceny no doubt committed the burglary, and whatever went to show one to be guilty of the larceny, equally evidenced his guiltiness of the burglary.

The co-defendant, Dennis, offered himself as a witness in his own behalf, and testified, as to a part of the articles stolen which had been in his possession and which he had pawned, that Smith gave him the articles, and hired him to pawn them. Upon the calling out of this evidence, defendant Smith made objection that the statements of the witness Dennis were only evidence in the latter's own behalf, and could not be used against Smith to convict him of the crime charged, which objection the court overruled. The court also refused to give the following instruction asked by Smith:

"The court instructs the jury, as matter of law, that the evidence of Dennis, the co-defendant of Smith, who is jointly indicted and tried jointly with him, is evidence only against Dennis and not against Smith, and the jury, in arriving at a verdict, can not use the evidence of Dennis to convict Smith on the indictment in this case."

Such ruling of the court in respect of Dennis' testimony is assigned for error. The court's ruling in this respect was

justified under the decision of this court in *Collins* v. *People,*
98 Ill. 584, where it was held, under the provision of the
statute, that "no person shall be disqualified as a witness in
any criminal case or proceeding by reason of his interest in
the event of the same, as a party or otherwise, or by reason
of his having been convicted of any crime," (Rev. Stat. 1874,
p. 410, sec. 6,) that a joint defendant in an indictment was a
competent witness against his co-defendant.

Finding no error in the record, the judgment must be
affirmed.                          *Judgment affirmed.*