## ABE MOORE

### v.

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed April 18, 1901—Rehearing denied June 7, 1901.*

1. INDICTMENT—*an indictment need not allege all of the false pretenses made.* An indictment for obtaining money by false pretenses need not allege all the false pretenses used which may have had their influence in obtaining the money, but it is sufficient if the main inducing cause of the imposition is averred.

2. SAME—*when indictment for obtaining money by false pretenses need not set out mortgage.* An indictment charging the accused with obtaining money from a commission firm by falsely representing that he had just purchased a certain lot of cattle which he had located at a particular place, whereby he induced them to accept a mortgage on the cattle as security for the loan, need not set out the mortgage, where it is not claimed that the false representations were contained in the mortgage.

3. SAME—*when an indictment for obtaining money by false pretenses is sufficient.* An indictment which alleges that the accused, with intent to defraud and to induce a commission firm to part with its money, falsely made a representation that he owned a particular lot of cattle which he had just purchased from a certain party, and which he mortgaged to the commission firm, is sufficient without alleging that accused had no cattle on which he gave the mortgage or that the money was not amply secured upon any cattle at all.

4. EVIDENCE—*what sufficient to sustain conviction for obtaining money by false pretenses.* A conviction for obtaining money by false pretenses is sustained by proof that the accused represented to a commission firm that he owned a certain lot of cattle which he had just purchased from a particular party, whereby he induced the commission firm to pay the draft for the alleged purchase price and take a mortgage on the cattle, whereas the draft was in fact drawn to pay an old debt of the accused to such party, the accused not having bought any such lot of cattle from him or any other person at that time, all the cattle which he owned having been on his place for several months before the transaction and been previously mortgaged to others.

5. INSTRUCTIONS—*when giving of an unnecessary instruction will not reverse.* It is not commendable practice to give instructions which merely inform the jury upon legal subjects and are not applied to the case or the evidence, and it is not error to refuse them, but it is not reversible error that one was given if it has done no harm.

*Moore* v. *People*, 92 Ill. App. 137, affirmed.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on writ of error to the Criminal Court of Cook county; the Hon. A. N. WATERMAN, Judge, presiding.

CHARLES HUGHES, (ISHAM REAVIS, of counsel,) for plaintiff in error:

The indictment must, by direct and positive averments, negative each of the false pretenses relied upon for a conviction. Only such pretenses as are properly negatived can be the basis of a prosecution or conviction. *State* v. *Palmer*, 50 Kan. 318; *People* v. *Behee*, 90. Mich. 356; *Commonwealth* v. *Saunders*, 32 S. W. Rep. 129; *State* v. *Paul*, 69 Mo. 215; *State* v. *Smith*, 8 Blackf. 489; *State* v. *Pickett*, 78 N. C. 458.

The false pretenses relied upon to constitute an offense under the statute must relate to a past event or to ·some present existing fact, and not to something to happen in the future. A mere promise is not sufficient. *In re Snyder*, 17 Kan. 542; *Keller* v. *State*, 51 Ind. 111; *State* v. *Whidbee*, 32 S. E. Rep. 318; *Scarlett* v. *State*, 6 So. Rep. 767.

Where reliance is placed upon a promise or warranty, and not upon false representations, the case is clearly not within the statute, else every case of a breach of warranty would be the basis of a criminal prosecution. *State* v. *Butler*, 47 Minn. 483; *State* v. *Chunn*, 19 Mo. 233; *Rex* v. *Coddington*, 1 C. & B. 661; *Jackson* v. *People*, 18 Ill. App. 513.

While the *corpus delicti* may be proven by either direct or circumstantial evidence, yet it must be established beyond a reasonable doubt. *Gray* v. *Commonwealth*, 101 Pa. St. 380; *State* v. *Parsons*, 39 W. Va. 464; *Lee* v. *State*, 76 Ga. 498; *People* v. *Harris*, 136 N. Y. 423; *Taylor* v. *State*, 111 Ind. 65; *State* v. *Hanbright*, 111 N. C. 707.

The *corpus delicti* cannot be proven by the confessions or admissions of the defendant alone. *May* v. *People*, 92 Ill. 345; *Gore* v. *People*, 162 id. 265; *Williams* v. *People*, 101

id. 386; *Campbell* v. *People*, 159 id. 24; *Bartley* v. *People*, 156 id. 240; 1 Greenleaf on Evidence, 217.

A fraudulent intent is an essential element of the offense of false pretense, and must be proven. It is error to refuse instructions on criminal intent. *Dorsey* v. *State*, 20 So. Rep. 620; *Fay* v. *Commonwealth*, 28 Gratt. 85; *People* v. *Wakely*, 62 Mich. 297; *State* v. *Palmer*, 50 Kan. 318.

It is error to refuse an instruction fairly presenting the theory of the defense, if there is any evidence to support such theory, however slight. *Trask* v. *People*, 104 Ill. 589; *Sullivan* v. *People*, 114 id. 27; *State* v. *Alley*, 68 Mo. 124; *Batton* v. *State*, 80 Ind. 394; *Miller* v. *State*, 77 Ala. 41; *Johnson* v. *State*, 72 Ga. 679.

H. J. HAMLIN, Attorney General, CHARLES S. DENEEN, State's Attorney, and FRANK CROWE, (BENJAMIN C. BACHRACH, of counsel,) for the People:

The indictment need not negative all the pretenses alleged. It is sufficient if those pretenses upon which the prosecuting witness relied, and which induced him to part with his money or property, are negatived. *Rex* v. *Hill*, R. & R. C. C. 190; 2 Bishop on New Crim. Proc. 169; *Barton* v. *People*, 135 Ill. 405; *People* v. *Stone*, 9 Wend. 182; *People* v. *Haynes*, 11 id. 557; *People* v. *Gates*, 13 id. 311; *Skiff* v. *People*, 2 Park. Cr. 139; *State* v. *Smith*, 8 Blackf. 489; *Hamilton* v. *Regina*, 58 E. C. L. 271; *Britt* v. *State*, 9 Humph. 31; *Commonwealth* v. *Morrill*, 8 Cush. 571.

Where a false pretense of an existing or past fact, calculated to induce the confidence which led the prosecutor to part with his property, is accompanied by or blended with a promise to do something in the future, this is a sufficient false pretense, although the promise, as well as the false statement of fact, operated upon the mind of the prosecutor in inducing him to part with his money. 12 Am. & Eng. Ency. of Law, 812; *State* v. *Fooks*, 65 Iowa, 196; *State* v. *Dowe*, 27 id. 273; *Donohoe* v. *State*, 59 Ark. 377; *State* v. *Gordon*, 56 Kan. 67; *State* v. *Cowdin*, 28

id. 270; *State* v. *Janson,* 80 Mo. 98; *Commonwealth* v. *Wallace,* 114 Pa. St. 413; *Jackson* v. *People,* 18 Ill. App. 513; *State* v. *Thadin,* 43 Minn. 326; *Cowan* v. *People,* 14 Ill. 348; *Jackson* v. *People,* 126 id. 139.

It was not necessary to set out the mortgage in the indictment. *Commonwealth* v. *Lincoln,* 93 Mass. 233; *Hardin* v. *State,* 7 S. W. Rep. 534.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Plaintiff in error was convicted in the criminal court of Cook county of obtaining money by false pretenses, and was sentenced to imprisonment in the county jail for one year and to pay a fine of $1000. He prosecuted a writ of error from the Appellate Court for the First District to the criminal court, and the record was reviewed in the Branch Appellate Court and the judgment affirmed.

The first error assigned is, that the criminal court erred in overruling the defendant's motion to quash the indictment. The charges of the indictment are, in substance, that defendant, by means of false and fraudulent statements made to the Strahorn-Hutton-Evans Commission Company, a corporation of Chicago, that he had purchased one hundred and four cattle from Becker & Degan, of South Omaha, Nebraska, that he owned them, and that they were four and one-half miles north-west of Salem, Nebraska, induced the commission company to loan and advance to him $4107.98 upon a mortgage of said cattle as security therefor. The fraudulent intent and the belief of the commission company in the truth of the representations by which it was induced to loan the money are alleged, and the representations are negatived by an averment that defendant had not purchased one hundred and four cattle from Becker & Degan and was not the owner of them, as he well knew.

It is first argued that the indictment is insufficient because it does not set out the mortgage. It contains

no charge that the commission company was induced to part with its money on account of any representations in the mortgage moving it to do so. If the false representations were alleged to be contained in a mortgage, then the instrument should be set out; but if the commission company relied upon false pretenses of the purchase and ownership of a certain lot of cattle, regardless of representations contained in the mortgage, the nature of the mortgage was not at all material. There is a perfectly natural connection between the false pretenses alleged, of purchase, ownership and location of a certain lot of cattle, and loaning money upon the security of such cattle. There is no intention apparent in the indictment to base the charge of false pretenses upon the mortgage or anything contained in it. If the false representation was the inducing cause of the loan, the fact that there was a mortgage or pledge of the cattle, or a note, without which the loan would not have been made, would not change the character of the false representations or protect defendant from the consequences of making them. It does not matter that a false representation which is the inducing cause for parting with property or money is afterward put into a writing or contract. (*Jackson* v. *People*, 126 Ill. 139.) It is not necessary to allege all the false pretenses used which may have had their influence in obtaining money, but it is sufficient if the main inducing cause of the imposition is averred. *Cowen* v. *People*, 14 Ill. 348.

Again, it is objected that the indictment contains no allegation that the defendant had no cattle on which he gave the mortgage, or that the money parted with was not amply secured on any cattle at all. The defendant claimed on the trial that although he had no such lot of cattle as he was charged with stating to the commission company he owned, he had other cattle on the farm to which the mortgage applied. Of course, the character of the evidence or defense made on the trial would not

affect the question of the sufficiency of the indictment or the ruling of the court on it in advance of the trial. Whether a conviction could be sustained if defendant had the lot of cattle mortgaged but had bought them from some other person than Becker & Degan, and had no intention to defraud the commission company, does not affect this question. Evidence of that kind would go to the question of the intent to defraud alleged in the indictment, but it was sufficient to allege a false representation that he had the particular lot of cattle, made with intent to defraud and inducing the commission company to part with its money.

It is next argued that the offense was not proved on the trial. The main ground of that claim is that the *corpus delicti* was proved only by confessions of the defendant, and that a conviction could not be had without such proof independent of confessions. The defendant acknowledged that he had no such lot of cattle as he was charged with saying that he had, and he testified on the trial that he did not buy any cattle at that time from Becker & Degan or buy one hundred and four cattle from anybody, and denied that he made the statements charged to him. There was sufficient evidence that defendant made the statements alleged and that the commission company relied upon and was induced by them to make the loan and part with its money, and there was evidence aside from confessions that he did not have the cattle. About a month after the money was loaned, an agent of the commission company was sent to the farm and did not find there the cattle which the defendant represented that he owned and were located there. The defendant showed what cattle he had to the agent, and did not show any such lot. The evidence tended to prove that he did not have them.

It is contended, however, that the evidence proves no more than that defendant had not bought any cattle of Becker & Degan, and does not establish his guilt. He

did not, in fact, have the cattle which he said he had, but he had on his farm two herds of cattle, amounting in all to two hundred and thirty-six, which had previously been mortgaged to Loeban & Rothschild, of Omaha, Nebraska, for $5600, and which were taken under the mortgage by said Loeban & Rothschild. He claimed that the mortgage to the commission company was intended to cover one hundred and four head, constituting some part or portion of these cattle. The cattle had been on the farm for several months before the representations were made, and had been mortgaged to the other parties months before that time. At the time of the representations he said that he had bought one hundred and four head of cattle the day before from Becker & Degan and had drawn a draft on the commission company for about $4100 to pay for them, and that he had sent them out to his farm, four and one-half miles north-west of Salem, Nebraska. He asked the commission company to pay the draft and loan him the amount on his note and the mortgage of the cattle. In fact, he did not buy a lot of cattle, as stated, from Becker & Degan or any one else, or draw any draft in payment for the cattle, but the draft was drawn to pay Becker & Degan a debt that he owed. The commission company paid the draft and loaned him the amount on his note and mortgage. He could have had no purpose in telling the commission company the falsehood except to defraud the company. He told the story of a lot of cattle that never existed, for the purpose of obtaining the money, and would not have obtained it if he had told the truth. The cattle he had on the farm which it is claimed rendered his statements innocent had been there months before and were already mortgaged, and the fact that another lot of cattle were there under these circumstances could not screen him from the consequences of his willful falsehood. If he had owned the lot of cattle which he said he owned it might not have been material where he bought them, since that fact might

have relieved him from the charge of an intention to defraud; but he had no such lot of cattle, and the evidence was sufficient to sustain the conviction.

The remaining objections relate to the giving and refusal of instructions. The second given at the request of the People is a general instruction as to the credibility of the defendant as a witness, and no objection is made to it except to a statement that the jury should take into consideration his testimony as to which they should find he had been contradicted by other credible evidence. The objection stated to the instruction is, that it assumes that defendant was contradicted as to some matter, material or otherwise. He was flatly contradicted upon the trial by other witnesses, but we do not think the instruction assumes as claimed. The meaning is, that although he was so contradicted, yet the jury should take into consideration his testimony. It was beneficial to him to instruct the jury to consider his evidence even if it was contradicted.

The fifth instruction relates to proof of a crime by circumstantial evidence, and it is conceded that it states the rules of law correctly, but it is said that the abstract principles stated have no application to this case. The same objection is made to the seventh instruction, which states an approved principle of law. Neither of the instructions could be applied by the jury to the case or the evidence, but we cannot see that the defendant was harmed by giving the jury the information contained in the instructions as to the law. It is not desirable to give instructions which merely inform the jury on legal subjects and are not to be applied to the case or evidence, and it is not error to refuse an instruction of that kind, but it is not cause for reversal that one has been given when it has done no harm.

The sixth instruction is objected to as telling the jury that if any part of the representations mentioned therein were false, the jury might find the defendant guilty

although every other representation was true. The instruction is not subject to the objection that defendant might have been convicted although some immaterial statement might have been untrue. It embraced the entire representations of the defendant as alleged in the indictment, and required proof that they were false and known to be so by the defendant, made for the purpose of obtaining the money and operating as the efficient cause.

It is claimed that the eighth instruction is wrong as limiting the jury to what occurred December 8, 1898, when the false statements and representations were made. All the statements were made at that time, according to the account of both parties. There was no evidence of anything he said at any other time to qualify what he said and what was acted upon at that time. We see no objection to the instruction.

Some objections to modifications of instructions given for the defendant and the refusal of others asked on his behalf are argued, but we find no error in them. Every principle of law which was of any value to the defendant was stated to the jury. The most important instructions refused were designed to tell the jury that they should find the defendant not guilty if they believed he had a lot of cattle on his farm mortgaged to the commission company but not purchased from Becker & Degan, and which had been mortgaged to Loeban & Rothschild. No reasonable man would suppose that the commission company would have parted with its money and taken a mortgage on a lot of cattle which were not the same that defendant stated he had, and which were already mortgaged. His representations would not have been relieved of criminality by the fact that he had the other herds of cattle so encumbered, and the court was right in refusing instructions of that character.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*