THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE EVERETT *et al.* Plaintiffs in Error.

*Opinion filed December 22, 1909.*

1. BURGLARY—*what is not a variance as to place burglarized.* An allegation in a burglary indictment charging that the defendants forcibly broke and entered "the office of the city of Rockford" is sustained by proof that the offices burglarized were leased by the city and were occupied by officers of the city for the sole purpose of transacting the city's business.

2. SAME—*instruction defining burglary in language of statute is not erroneous.* An instruction in a burglary prosecution which defines the crime of burglary in the language of section 36 of division 1 of the Criminal Code is not erroneous because it does not use the word "feloniously," in addition to the language of the statute, in characterizing the purpose of the entry into the building.

3. SAME—*word "feloniously" need not be added to a statutory definition of accessory.* An instruction in a burglary prosecution defining an accessory in the language of section 2 of division 1 of the Criminal Code need not add the word "feloniously" to such definition.

4. SAME—*presumption arising from possession of stolen property applies to burglary as well as to larceny.* If a burglary was committed at the same time and in connection with a larceny, possession of the stolen property immediately after the theft is *prima facie* evidence that the possessor committed the burglary as well as the larceny, and such possession, if unexplained, will sustain a conviction.

WRIT OF ERROR to the Circuit Court of Winnebago county; the Hon. ARTHUR H. FROST, Judge, presiding.

B. A. KNIGHT, for plaintiffs in error.

HARRY B. NORTH, State's Attorney, for the People.

Mr. JUSTICE COOKE delivered the opinion of the court:

At the October term, 1906, of the circuit court of Winnebago county an indictment was returned by the grand jury charging George Everett and Ed. Williams, the plain-

tiffs in error, with the crime of burglary. The first count of the indictment charged plaintiffs in error with forcibly breaking and entering "the office of the city of Rockford" with intent to steal, take and carry away divers goods and chattels of the said city of Rockford, and with then and there stealing, taking and carrying away divers bills of the legal paper currency of the United States, the number being to the grand jury unknown, of the total value of $500. The second count was substantially the same as the first, except it alleged that the entrance made into a certain office of the city of Rockford was effected without force, the doors and windows thereof being open. Plaintiffs in error, upon being arraigned, entered pleas of not guilty. The trial resulted in a verdict finding them guilty of burglary as charged in the indictment and finding their ages to be over twenty-one years. Motions for a new trial and in arrest of judgment were, respectively, overruled. Judgment was entered on the verdict and plaintiffs in error were sentenced to be confined in the penitentiary at Joliet for a period of not less than one year and not more than twenty years. They bring the record to this court for review by writ of error.

The evidence introduced in the circuit court by the State disclosed the following facts: There is in the city of Rockford a six-story office building known as the Brown building. The city of Rockford had leased, and was on July 25, 1906, and prior thereto, occupying under such lease a number of rooms in this building as office rooms. The rooms used as offices by the mayor, city clerk and superintendent of city water-works, and the council room, were in one suite and were all connected by doors. Those used by the city engineer as an office were in another suite but were connected with the other rooms used by the city by a private hallway about twenty feet in length. The city maintained no other offices in this building. Between eleven o'clock of the night of July 24 and four o'clock of the

morning of July 25 a number of offices in the Brown building, including those of the city clerk and superintendent of the city water-works, as well as private offices of other tenants than the city of Rockford, were entered, vaults, safes and desks in those offices were broken open and rifled of their contents, and over $600 in money and checks, as well as other valuables, were taken and carried away. Among the articles which were stolen from the offices of other tenants than the city were rare coins, medals, a gold watch and some pieces of gold wire. About $600 in money was taken from the vault in the office of the city clerk. About $57 in money, a check for $10 and a check for $1.75 were taken from the vault in the office of the superintendent of city water-works. Shortly after four o'clock of the morning of July 25, 1906, two police officers who were standing at the main entrance of the Brown building heard a noise within the building. A few minutes thereafter the plaintiffs in error were seen about three hundred feet north of the Brown building and walking in a northerly direction. They were followed several blocks by the police officers and finally placed under arrest. They were carrying loaded revolvers and resisted arrest. When arrested Williams had $296 upon his person and Everett had $367. The checks for $10 and for $1.75, respectively, which had been taken from the office of the superintendent of the city water-works, were found on Everett's person. The gold watch, medals, gold wire and rare coins which had been taken from the other private offices in the Brown building that night were found on Williams' person.

Plaintiffs in error offered no evidence except to show that the private offices of the corporation counsel and of the city attorney of the city of Rockford were not located in the Brown building, and that a portion of the offices occupied by city officials in the Brown building were separated from the others by a hallway about twenty feet in length.

Plaintiffs in error seek a reversal of the judgment of the circuit court because, as contended by them, there is a variance between the indictment and the proof as to the place burglarized, and because the court erred in giving the first, second and third instructions on behalf of the People.

The variance alleged is claimed to lie in the fact that the indictment charged the burglary to have been committed in "the office of the city of Rockford," whereas the proof showed it to have been committed in the office of the city clerk and the office of the superintendent of city water-works of the city of Rockford. It is contended, on the one hand, that neither the office of the city clerk nor the office of the superintendent of city water-works is the office of the city of Rockford, and, on the other hand, that if these offices be held to be the offices of the city of Rockford there is a variance, for the reason that the article "the" is used in the indictment in an exclusive sense and as charging that there was but one office of the city of Rockford. The city had leased the various rooms in the Brown building which were occupied by the mayor, city clerk, superintendent of water-works and city engineer and was in the full possession of the same. The business of the city was transacted therein and the several city officers occupied them only as servants of the city. These rooms, as a group or suite, or any one of them, could be properly referred to and described as the office of the city. There was no variance between the place alleged to have been burglarized and the place shown by the proof to have been entered.

Plaintiffs in error have assigned a number of errors, but the only remaining one argued and insisted upon is the action of the trial court in giving the first three instructions asked on behalf of the People. The first of these instructions defined the crime of burglary in the language of the statute, and then instructed the jury that if they believed, from the evidence, beyond a reasonable doubt, that the defendants' committed the acts charged, again using the

language of the statute and naming specifically the office alleged to have been entered, or if they believed, from the evidence, beyond a reasonable doubt, that "one of the defendants and not the other so broke and entered, as aforesaid, the office aforesaid, and that the other of said defendants, being present, aided, abetted or assisted in the commission of said act," then they should find the defendants guilty. The only complaint made as to this instruction is, that it omitted to use the word "feloniously," in addition to the language of the statute, in characterizing the purpose of the entry into the office. That part of the instruction complained of is in the language of the statute defining the crime of burglary. (Hurd's Stat. 1905, chap. 38, par. 36.) This is the section of the statute upon which the indictment was drawn, and there was no error in giving this instruction. *White* v. *People,* 179 Ill. 356.

The third instruction given on behalf of the People stated what, under the law, constituted an accessory to the crime of burglary, and it is contended that the word "feloniously" was also erroneously omitted thefe. This instruction is also in the language of the statute defining an accessory, (Hurd's Stat. 1905, chap. 38, par. 274,) and it was not error to give it in that form.

The second instruction complained of, stated, in substance, that possession of the stolen property recently after a larceny has been committed is *prima facie* evidence that the party in whose possession the same is found committed the larceny, and if a burglary was committed at the same time and in connection with the larceny such possession is also *prima facie* evidence that the party in possession committed the burglary, and that such possession, if unexplained, would warrant a conviction. Plaintiffs in error contend that this instruction is erroneous in stating an abstract proposition of law and in not being expressly based upon and applied to the evidence in the case. It cannot be contended that the jury could not have applied this instruc-

tion to the evidence. Even though the instruction could have had no application to the case, yet if it stated the rule of law correctly and under the facts did no harm, the giving of it to the jury would not be cause for reversal. (*Moore* v. *People,* 190 Ill. 331; *Pate* v. *People,* 3 Gilm. 644.) The instruction does correctly state the law, and under the facts as conclusively proven it was peculiarly applicable in this case. That the offices used by the city clerk and the superintendent of city water-works of the city of Rockford were forcibly entered and rifled of money and checks, and that the stolen property was immediately thereafter found on the persons of the plaintiffs in error, who were armed with loaded revolvers and resisted arrest, is uncontradicted. No attempt was made on the part of the accused to deny or explain any of these circumstances.

It is further contended that this instruction is faulty in stating that the possession of property recently stolen is *prima facie* evidence that the person in possession committed the burglary. It is admitted that this is the rule as to larceny but it is urged that there is a distinction in this respect as to burglary. The rule in regard to the possession of stolen property immediately after the theft being evidence of guilt applies in cases of burglary as well as in cases of larceny. (*Smith* v. *People,* 115 Ill. 17; *Magee* v. *People,* 139 id. 138; *Langford* v. *People,* 134 id. 444; *Flanagan* v. *People,* 214 id. 170.) The instruction is therefore subject to no criticism on this ground.

We find no reversible error in the record, and the judgment of the circuit court is affirmed.

*Judgment affirmed.*