[Crim. No. 632. Second Appellate District, Division One.—February 4, 1919.]

## THE PEOPLE, Respondent, v. L. REDMAN, Appellant.

CRIMINAL LAW—BURGLARY — INFORMATION, LOCATION, AND OWNERSHIP OF BUILDING.—In an information for burglary it is not necessary to particularize the place further than to allege that the crime was committed in a certain county, naming it, nor to allege particular ownership of the building entered.

ID.—VARIANCE.—Where an information, by specific allegation, particularizes the place where a burglary has been committed or the particular person owning the building, it cannot be shown that the ownersihp was other than that alleged or the location different, without rendering the case open to the objection that there is a variance between the allegation and the proof.

ID.—ABSENCE OF VARIANCE.—Where an information for burglary charged that the garage entered was "located on the San Joaquin ranch, near the San Joaquin Fruit Company," and the prosecuting witness testified that she lived on a ranch "called Irvine ranch—just the place above the San Joaquin Fruit ranch," but the defendant in his own testimony admitted visiting the garage, and in reply to the question by his own counsel: "You went out to the place that has been designated as the San Joaquin ranch?" answered, "Yes," the uncertainty, if any, was cured and no variance existed.

ID.—EVIDENCE — REBUTTING PROOF OF CRIMINAL INTENT — ERRONEOUS RULING.—The trial court erred in excluding, as incompetent, hearsay and self-serving, an offer by defendant to show as rebutting proof of apparent criminal intent that he went to the garage with a companion for the purpose of purchasing property there, which such companion said he owned and had a right to sell.

ID.—ERROR CURED BY CONSENT TO RULING.—Where, however, the court in such case after indicating such ruling invited the citation of authorities, to which counsel for defendant replied: "I am satisfied with the ruling," that statement was a consent to the ruling, which left him without ground to complain.

APPEAL from a judgment of the Superior Court of Orange County, and from an order denying a new trial. Wm. H. Thomas, Judge. Affirmed.

The facts are stated in the opinion of the court.

Douglas L. Edmonds and C. L. Welch for Appellant.

U. S. Webb, Attorney-General, Joseph L. Lewinsohn, Deputy Attorney-General, and Jerry H. Powell for Respondent.

JAMES, J.—This appeal is taken from a judgment of imprisonment and from an order denying a motion for new trial.

Appellant was convicted of the crime of burglary, the information alleging that on the twenty-second day of April, 1918, in the county of Orange, state of California, he did, "willfully, unlawfully, feloniously, and burglariously enter the outbuilding, to wit, the garage of M. G. Mastich, located on the San Joaquin ranch, near the San Joaquin Fruit Company, in said county and state, with felonious intent to commit the crime of larceny." The witness Katie Mastich testified that she lived on what was called the "Irvine ranch—just the place above the San Joaquin Fruit ranch"; that she saw the defendant there on the twenty-second day of April, 1918; that there were on the premises a house, garage, and other outhouses; that on the morning in question she heard an automobile drive up, and that the defendant came to the door of the house and knocked and that she made no response; that he then went over to the garage and finally went back to the automobile, in which there was another man, and that the two went away; that pretty soon they came back and that defendant again knocked at the door, and the witness having made no response, the two men drove away again a short distance and then came back and stopped near by, where they remained talking for a time; that defendant then came to the door of the garage, accompanied by the other man, and that the witness heard the noise of the breaking of the garage door; that she secured a small rifle which was kept in the house and walked out to where the men were, and found defendant just in the act of putting a sack of beans, which he had taken from the garage, into the automobile; that the defendant exclaimed upon seeing the witness with the gun, "My God, lady, don't shoot! I will put them all back"; that he did put the beans back and then proceeded to beg the witness to allow him to go free, stating that he had

been in the hospital, out of work, and had a mother to support; that meanwhile the second man had disappeared; that the witness made note of the number of the automobile and allowed the defendant to leave the place at that time. He was later arrested. She was asked as to whether defendant said anything about "the other fellow," and replied: "He said it was the other fellow's fault; the other fellow showed him where the beans were and how easy it was to get them."

The first point made by appellant is that there was a fatal variance between the allegations of the information and the proof made, particularly that the information charged that the garage entered was "located on the San Joaquin ranch, near the San Joaquin Fruit Company," whereas Mrs. Mastich testified that she lived on a ranch called "Irvine ranch —just the place above the San Joaquin Fruit ranch." If we were required to say that by this evidence a different place was indicated from that alleged in the information, defendant's point would be good. However, any uncertainty as to that matter was cured by the defendant's own testimony. Defendant admitted visiting the garage, and he was asked by his counsel this question: "You went out to the place that has been designated as the San Joaquin ranch?" to which he replied, "Yes, sir." Moreover, it was not essential that the prosecution should have gone further in particularizing the place where the alleged crime was committed than to allege that it was committed in the county of Orange; nor to allege particular ownership of the building entered. (*People* v. *Geiger,* 116 Cal. 440, [48 Pac. 389]; *People* v. *Mendoza,* 17 Cal. App. 157, [118 Pac. 964].) It may be admitted that where the prosecution does particularize by specific allegation the location of the place where a burglary has been committed, or as to the particular person owning the building, they cannot show that the ownership was otherwise than that alleged or the location different, without rendering their case open to the objection as made by appellant here of a variance between the allegations and proof. However, we have indicated that no such variance exists here. While it was not shown as to who actually owned the premises in question, it did sufficiently appear that they were neither owned by nor were they in the possession of the appellant at the time of the commission of the alleged crime.

Defendant, notwithstanding the incriminating statements made to Mrs. Mastich at the time the latter confronted him with a rifle, sought at the trial to show that his motive in taking the beans was wholly innocent; that he was led to believe by Olsen, his companion, that the latter owned the beans, and that he was taken to the place by Olsen for the purpose of purchasing them. He was asked to state what conversation he had with Olsen prior to going to the Mastich place, respecting the sale of the beans, to which question the court sustained an objection on the ground that, as stated in the objection, the testimony would be incompetent, hearsay, and self-serving. The court was in error in its conclusion as to the extent that a defendant may go in rebutting proof of apparent intent which the circumstances shown by the prosecution suggests. And it was competent for the defendant to testify, if such was his desire, that he had been told by Olsen that he (Olsen) owned the beans and had the right to sell them. However, our duty is not to reverse a case for such error, unless it can be said that the defendant has been so prejudiced in his rights as that the result is a miscarriage of justice. We find on an examination of the transcript that defendant was allowed to state that he was proposing to buy the beans of Olsen, and that while at the garage they dickered as to the price. Then, when the witness was stopped by the prosecuting attorney as he was about to make statements of what Olsen told him, the court, after indicating that he would sustain the objection, made quite a lengthy statement to counsel for defendant, inviting the citation of authorities under which the testimony was offered, to which counsel for defendant replied: "I am satisfied with the ruling." This statement of counsel, we think, was a consent to the ruling of the court, which would leave him without ground to complain thereof.

We have examined carefully the entire transcript of the evidence submitted and all of the points suggested by appellant. We are satisfied that no such prejudicial error is shown as to entitle defendant to a new trial.

The judgment and order are affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 3, 1919.

Angellotti, C. J., Shaw, J., Melvin, J., Lawlor, J., Wilbur, J., and Lennon, J., concurred.