10782

STATE v. MARTIN *ET AL.*

(110 S. E. 78)

BURGLARY—RECENT POSSESSION OF SIMILAR GOODS INSUFFICIENT TO CONVICT.—That soon after a store was broken into and robbed, defendants were found in possession of goods similar to those taken, but which no one could swear to being those taken, is insufficient for conviction.

Before Townsend, J., Richland, May, 1921. Reversed.

Heyward Martin, Edward Martin and Hilton Medlin indicted for house breaking and petty larceny. Upon conviction for petty larceny the defendants appeal.

*Messrs. Graydon & Graydon,* for appellants, cite: *Possession of stolen property:* 25 Cyc. 132; Id. 139; *No evidence to support verdict:* 114 S. C. 336; 103 S. E. 511.

*Mr. A. F. Spigner,* Solicitor, for respondent. Oral argument.

Dec. 19, 1921.

The opinion of the Court was delivered by Mr. Justice Fraser.

The case shows the following:

"The above stated case was brought on for trial at the May term, 1921, of the Court of General Sessions for Richland County.

"The indictment was in the usual form, and charged that the defendant, in the first count, had broken into the Palmetto Produce Exchange, a corporation, in the night time, with intent to steal, take, and carry away the goods and chattels of said corporation.

"In the second count, they were charged with having stolen and carried away from said storehouse three buckets of lard and three cakes, all of the value of $8, of the proper goods and chattels of the said produce exchange.

### Testimony

The testimony offered by the State was to the effect that the store had been broken into and robbed. Greene, the witness, said he was manager of said store; that some lard and cakes had been brought to the store the next Monday, after the store was broken open on Saturday night; that the goods were similar to the ones that were taken out of the store, but he could not swear that they were the same

goods. The same line of goods were handled by several other merchants in Columbia.

"The State then put up Mr. Marsh, one of the rural policemen. He testified: That he and another policeman were going down the road in an automobile about 1 o'clock at night, when they passed three men sitting on the side of the road. That as they passed he saw the men, and stopped his car and turned around in the road, and that the three men jumped up and ran. . That his companion followed one of the men, and shot and wounded him. After he was shot down they arrested him, and found it was Heyward Martin. That they had no warrant for the arrest of any of the men. That they took Heyward Martin to the hospital, and got there about 2 o'clock at night. That they did not see any goods that night, but on the next day (Sunday) about 10 o'clock a. m., they went back to the place where the men were, and found the lard and the cakes, sitting one or two feet from where the men had been sitting down. He swore they were sitting next to the road, outside a wire fence, and that the goods were outside the fence.

"T. A. Heise, the sheriff, testified that he went with Marsh to look for the goods next morning (Sunday), and found the goods just inside the fence. They both testified that the defendants denied all knowledge of the theft.

"At the close of the testimony for the State, the defendants' attorneys made a motion before the Court to direct a verdict of 'Not guilty,' on the following grounds:

"(1) Because the goods had not been proven to belong to the prosecutor, for the reason that the manager of the store had failed to identify the goods stolen as being the goods lost out of the store.

"(2) Because the testimony failed to show that the defendants, or any of them, were in possession of the goods said to have been stolen.

"(3) Because the mere finding of goods, even if they were stolen goods, in an open field, did not raise any pre-

sumption against the defendants that they had stolen the property, especially as it was not proved by the State that either of the defendants had even had his hands on the goods."

The defendants denied all knowledge of the breaking or larceny.

There is no scintilla of evidence of a breaking, unless it be founded on the possession of recently stolen goods. There was no evidence that the goods found on the roadside afterwards were the goods stolen from the Palmetto Produce Exchange.

A verdict should have been directed for the defendants, and the judgment is reversed.