### STATE v. HAMILTON

(136 S. E., 391)

BURGLARY—LARCENY—EVIDENCE HELD INSUFFICIENT FOR CONVICTION OF HOUSEBREAKING AND LARCENY.—Evidence *held* insufficient to sustain conviction for housebreaking and larceny.

Before DENNIS, J., Marlboro, June, 1925. Appeal sustained, and case remanded with directions.

A. B. Hamilton was convicted of housebreaking and larceny, and he appeals.

*Messrs. Rogers & Ellerbe* and *Joe P. Lane,* for appellant, cite: *Finding of goods similar to those of prosecutor in house of defendant is evidence insufficient to convict:* 127 S. C., 439; 125 S. C., 132; 117 S. E., 351; 118 S. C., 21; 69 Ga., 267; 46 Ga., 637; 9 C. J., 1080; 4 R. C. L., 440; 12 L. R. A. (N. S), 199. *Possession of goods insufficient evidence of larceny thereof:* 77 S. E., 239. *Evidence of crime not charged inadmissible:* 36 C. J., 897. *Objection to argument of Solicitor properly made:* 115 S. C., 535; 106 S. E., 781; 88 S. C., 548.

*Messrs. M. J. Hough, Solicitor,* and *Gibson & Muller,* for respondent.

January 26, 1927.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

The defendant, Hamilton, and Fulton Searles, Justine Bailey, and Julius Butler were indicted in the Court of General Sessions for Marlboro County for housebreaking, grand larceny, and receiving stolen goods. The indictment grew out of the alleged breaking and entering of the depot and station house of the Atlantic Coast Line Railway Company, at Tatum, in Marlboro County.

All of the defendants resided in Dillon County. The goods, alleged to have been stolen in Marlboro County, were alleged to have been found in Dillon County. If the defendants, or either of them, were guilty of receiving stolen goods, the proof showed that such crime was committed in Dillon County, and perhaps was not committed in Marlboro County. Consequently, the Solicitor withdrew the count in the indictment which charged the crime of receiving stolen goods in Marlboro County.

All the defendants were convicted of housebreaking and larceny. The defendant, A. B. Hamilton, has appealed from his conviction and sentence. There was no appeal by the other defendants.

There are several exceptions, but, under the view we take of the case, it is only necessary to consider the one which raises the question that the presiding Judge committed error in refusing to grant the motion of the defendant, Hamilton, to direct a verdict of not guilty in his favor, on the ground that there was not sufficient competent testimony introduced against him to support a verdict of guilty.

Included in the goods alleged to have been stolen were Chesterfield and Camel cigarettes, neckties, a razor, a shaving brush, and pencils. Butler, Surles, and Bailey were employed as laborers by Hamilton. Butler and Surles occupied a room in his home, which they could enter without going into the main part of the dwelling. The door

between their room leading into the other part of the house had been nailed up for some time. Bailey lived in another house on the plantation. Some of the articles alleged to have been stolen, properly identified, were found in the possession of Bailey, Surles, and Butler. In the room of Surles and Butler were found cigarettes, similar to the kind claimed to have been stolen, and there were also found in this room a razor, a shaving brush, and neckties, which were identified as some of the stolen property. While Camel and Chesterfield cigarettes were found in Hamilton's possession, in a room of the house occupied by. him, there was no evidence to identify these as cigarettes stolen at the time of the alleged robbery. This was the only evidence we find in the record which connected Hamilton in any way with the crimes charged against him. This defendant offered testimony to show that he ran a commissary for his employees, and a short while prior to the alleged robbery he had purchased large quantities of both Camel and Chesterfield cigarettes.

In the case of the *State v. Martin,* 118 S. C., 21; 110 S. E., 78, it was held by this Court:

"That soon after a store was broken into and robbed, defendants were found in possession of goods similar to those taken, but which no one could swear to being those taken, is insufficient for conviction." (Syllabus.)

We think that the motion to direct a verdict in Hamilton's favor should have been granted.

It is therefore the judgment of this Court that the appeal be sustained, and that the case be remanded to the Court of General Sessions for Marlboro County with instruction that a directed verdict of not guilty be entered in favor of the defendant, A. B. Hamilton, as provided for by the rules of this Court.

MR. CHIEF JUSTICE WATTS, and MESSRS. JUSTICES COTH-RAN and STABLER and MR. ACTING ASSOCIATE JUSTICE PURDY concur.