[Crim. No. 4550.  Second Dist., Div. Two.  Dec. 7, 1950.]

THE PEOPLE, Respondent, v. CHARLES W. D'ANTIG-NAC et al., Defendants; CARL MARSHALL, Appellant.

Walter L. Gordon, Jr., for Appellant.

Fred N. Houser, Attorney General, and Donald D. Stoker, Deputy Attorney General, for Respondent.

WILSON, J.—Defendant Marshall was charged with the crime of burglary and with two prior felonies. He pleaded not guilty, admitted the prior convictions and waived trial by jury. The court found him guilty and sentenced him to serve a term in the state prison. He has appealed from the judgment of conviction and from the order denying his motion for a new trial.

His grounds of appeal are: (1) that the trial court committed prejudicial error in denying his motion to set aside the information under section 995 of the Penal Code; (2) that there is a variance between the allegations of the in-

formation and the proof; (3) that the evidence is insufficient to sustain the judgment of conviction.

Section 995 of the Penal Code provides that an information must be set aside if, before the filing of the information, the defendant had not been legally committed by a magistrate, or if he had been committed without reasonable or probable cause.

The information charged that defendant had entered a store and building occupied by Sam Gould located in the city of Los Angeles. One Richard S. Gould testified that the store at No. 918 South Main Street, in Los Angeles, which defendant was charged with having entered, was a factory operated by a corporation of which the father of the witness was owner, president and manager. The name of the witness' father was not stated. By reason of this omission and by reason of the allegation that the building was occupied by Sam Gould, although the evidence shows it was occupied by a corporation, defendant claims there is a variance between the information and the evidence introduced at the preliminary examination and that he was therefore committed without reasonable or probable cause. This contention is untenable. In *People* v. *Williams,* 27 Cal.2d 220, 226 [163 P.2d 692], the court held that technical or trifling matters of discrepancy are not ground for a reversal, and that a variance is not material unless it is of such a substantive character that the defendant will be misled in preparing his defense or that he is likely to be placed in second jeopardy for the same offense. The court further held it was not necessary that the exact address of the building alleged to have been entered be included in the information so long as the building is described with sufficient particularity to show that it came within the classification in the statute and so long as defendant was apprised of the particular crime charged against him, and an information need not particularize the place entered further than to allege that it is within the county in which the crime was committed. In *People* v. *McGilver,* 67 Cal. 55 [7 P. 49], the burglary was charged to have been committed by entering the house of H. Wempe. One G. Wempe testified that his father owned and occupied the house. Neither the first name nor initial of the owner was given, and he was spoken of in the testimony only as Mr. Wempe. The evidence was held sufficient to sustain the judgment of conviction. Where defendant was charged with having attempted to rob T. Tschanz and the evidence showed that the name of the

victim was Simon Tschanz, the variance was held to be immaterial. (*People* v. *Gonzales*, 69 Cal.App. 609, 612 [231 P. 1014].) There is no variance between the charge that the building was occupied by an individual and the evidence showing it was occupied by a corporation which was owned and managed by that individual.

It will not be amiss to observe that the appeal on the ground above discussed would have been obviated had the district attorney amended the information when the point was raised on the motion to set it aside.

■ The evidence is sufficient to sustain the conviction. Police Officer Zarate arrived at the store at about 2:10 a.m.; he noticed that the front door of the store at 918 South Main Street had been pried, and while examining the door he heard footsteps in the store; as he waited at the side of the door it started to open; he called out that he was a police officer and "for whoever was in there to come on out"; he heard footsteps going up the stairs inside the building. Two other officers arrived and entered the doorway of the building and went up a flight of stairs; while searching the area they heard noises below and a breaking of wood; one officer went downstairs from the second floor to the rear of the building; there he found an opening leading into the adjoining stores at 922 and 924 South Main Street; he looked through the partition and saw two persons and called to them to halt; two men then crashed through the front window; he went out through the broken glass and found Marshall's codefendant lying on the sidewalk bleeding and Marshall was sitting on the curb; the latter had a cut on his left knee. Zarate heard the shattering of the glass and saw the two defendants who had smashed through the plate glass window; he ordered them to halt, and all three officers gathered at the scene.

Defendant Marshall testified that he was not in the premises at 918 South Main Street at any time; that he was driving along the street and saw "some excitement," parked his car and went over to see "who got arrested and why."

Inasmuch as the record discloses substantial evidence of defendant's guilt his conviction must be sustained.

Judgment and order denying a new trial are affirmed.

Moore, P. J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 5, 1951.