No. 16,620.

LOMBARDI $v$. THE PEOPLE.
(236 P. [2d] 113)

Decided September 24, 1951.

Mr. LANSFORD F. BUTLER, Mr. ROBERT J. KIRSCHWING, Mr. F. J. KRETSCHMER, JR., for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. NORMAN H. COMSTOCK, Assistant, for the people.

*En Banc.*

Mr. Justice Knauss delivered the opinion of the court.

Plaintiff in Error, to whom we hereafter refer as Defendant, was convicted of burglary with force. The jury found him not guilty of larceny of liquor, with which he was charged in the second count of the information, which liquor it was alleged he had stolen during the burglary.

Error is assigned to the court's ruling on Defendant's motion for a directed verdict of not guilty on the burglary charge. On this motion the only question was as to the identity of the person, or persons, who forcibly broke into and entered Mr. Bacher's store in Jefferson county on February 6, 1949.

The evidence offered by the District Attorney to link Defendant with this burglary was the testimony of two young men, Ralph Acierno and Joe Accoroso; Bacher, the complaining witness; the Sheriff of Jefferson county, and police officers.

Acierno testified that he had known Defendant several years, and on the night of February 8, 1949 Defendant told him he had some liquor and requested the witness to pick him up the next morning, which the witness did, and some liquor was put in the Acierno automobile. Defendant and Acierno went to see Joe Accoroso to whom the witness and the Defendant showed the whiskey and Accoroso purchased some of it. The parties then went back to Defendant's residence and Accoroso purchased some other liquor from the Defendant. Defendant gave Acierno two bottles of whiskey. Later Acierno was arrested for a traffic law violation and the two bottles of liquor he had received from Defendant were found in his automobile. Acierno testified that he did not notice whether there were any liquor stamps on the two bottles that were found in his car; that he did not do anything

to the bottles other than put them in his automobile; and that he did not know what brand of liquor it was.

Accoroso testified that after he learned that the detectives were looking for some liquor he had, he scratched the stamps off the bottles and then took them down to the city hall in Denver. He also testified that "the liquor was mostly off-brands."

Bacher testified that when he went to his place of business on February 6, 1949 at 11 o'clock A.M., he found that the store had been broken into and called the police. He testified that some fifteen cases of whiskey had been taken, and that a Motorola record changer and a Bendix radio also were removed from the premises, owned by him; that he did not know who broke into his store, and denied that any of the liquor taken was "off-brands."

A basket of whiskey and a box of whiskey were marked as People's Exhibits "A" and "B," but these exhibits were never offered or received in evidence. This was the liquor turned over to the police by Accoroso.

The Sheriff of Jefferson county testified that on four or five occasions he had conversations with the Defendant in the county jail. We quote the following from his evidence: "On Saturday afternoon, June 4, 1949, I had Mr. Lombardi brought into the office * * * for further questioning in connection with the burglary. After a few minutes of questioning, Mr. Lombardi stated to myself and the District Attorney that on this particular night in question that he had been in the Hillcrest Liquor Store sometime after 12:00 that night. He also stated and described in detail, how this burglary had been committed, how it was broken into, as he observed it at that time. Immediately after that he stated that he was in there, but didn't take anything. Someone had been there before he had, and he stuck to that story persistently after that, that he did not take anything. However, he did describe, in detail, and say that he was on the inside of the store after 12:00 on the particular night of the burglary."

The Sheriff on cross-examination testified in part as

follows: "Q. * * * but on many occasions he stated he didn't take anything from the place, and he didn't break in, isn't that true? A. Yes. Q. That has been his statement to you since he was confined? A. Yes, that is as far as we ever got with him. * * * Q. According to your statement he went into it after it was broken into? A. That is right, that is the statement he made. Q. That is the only statement that he made? A. That is right. * * * Q. And he has maintained that he has never taken anything out of there, isn't that right? A. He has, yes. Q. And that he did not break into the place? A. He told me he was in the place after it was broken into on the same night of the burglary." ·

Nowhere in the evidence was any of the liquor marked as Exhibits "A" and "B," or the two bottles of liquor in the car of witness Acierno, identified as having come from the store of the complaining witness, Mr. Bacher.

Another witness, Police Officer Krieg, of the Golden, Colorado, police department, testified that he discussed the matter of this burglary several times with the Defendant and he also on interrogation, gave the following testimony: "Q. At any time during those times did he ever tell you that he was in this liquor store, or was anywhere near it at the time of the alleged breaking in? A. No, sir. He never told me that. Q. Never made any statement to you that way? A. No, sir. Q. Did he maintain he had nothing to do with it at all times? A. He told me that, yes."

The evidence, that soon after a store was broken into and robbed, defendants were found in possession of goods similar to those taken, but which no one could identify as those taken, is insufficient to sustain a conviction. *State v. Martin*, 118 S.C. 21, 110 S.E. 78.

The Attorney General contends that the statement attributed to Defendant by the Jefferson county sheriff inevitably leads to only one inference, namely, that the Defendant was "a wrongdoer" when he was at Bacher's

store. In *Cobianchi v. People*, 111 Colo. 298, 141 P. (2d) 688, we said: "The circumstance indicated by the statement attributed to defendant, while consistent with guilt, is equally consistent with innocence. There can be no question that when such is the fact and circumstantial evidence alone is relied upon, that a circumstance or circumstances consistent with guilt but equally consistent with innocence, does not constitute sufficient proof to sustain a conviction."

It cannot successfully be contended that Defendant by any statement to the sheriff or to Officer Krieg, admitted any burglary with force, or the intent necessary to constitute that crime. In fact, his statement was that the place already had been burglarized, and such statement is equally consistent with his innocence as it is with his guilt; hence it was not sufficient proof to sustain a conviction of burglary with force.

There was insufficient evidence to warrant the submission of the case to the jury. Other errors assigned need not be discussed. The judgment is reversed, and the cause remanded with directions to the trial court to discharge the defendant.