283 P.2d 925

STATE of Idaho, Plaintiff-Respondent,

v.

Harold Anthony LOVE, Defendant-Appellant.

No. 8258.

Supreme Court of Idaho.

May 10, 1955.

Anderson & Anderson, Pocatello, for appellant.

Graydon W. Smith, Atty. Gen., J. R. Smead, Asst. Atty. Gen., Hugh C. Maguire, Jr., Pros. Atty., Pocatello, for respondent.

TAYLOR, Chief Justice.

The information describes the building burglarized as follows:

"Pocatello Golf and Country Club clubhouse, Route 1, South, Pocatello, Bannock County, Idaho, said premises being in possession of and occupied by the Pocatello Golf and Country Club, Inc., an Idaho corporation, and under the control of Harold Hoge, President of the Board of Directors of said Corporation, * * *."

Appellant recognizes that an allegation of the ownership of the building entered is not essential to a charge of burglary, and that this court so held in State v. Wansgaard, 46 Idaho 20, 265 P. 671, and in State v. Bull, 47 Idaho 336, 276 P. 528. His contention here is that having alleged the particular ownership, occupancy and control of the building, the state may not produce evidence showing an entry into premises not occupied and controlled by the party named in the information.

The evidence shows the building described was burglarized at the time alleged. Two glass doors were broken, one was an entrance from the patio into the lounge or barroom. The other was an entrance from the patio into what is referred to as a "Pro Shop" or "Golf Shop." Both rooms were in and parts of the clubhouse. The appellant had been employed at the club for about seven months as a waiter, and to do janitorial service in the lounge and dining room. Before daylight in the early morning of the day of the burglary, a police officer found appellant walking some distance from the clubhouse, carrying a pasteboard carton which contained

three bottles of Scotch Whisky of a type and brand kept and served in the barroom of the club, and a number of items of clothing which were positively identified as merchandise belonging to and kept for sale by one Carrico in the pro shop at the club. Carrico was employed by the club as a golf professional and as manager of the golf course. In connection with his employment and as a part of his remuneration, he was allowed to occupy the room in the building referred to as the "Pro Shop" and to keep therein and sell to the members and their guests, golf equipment and other items there saleable. He also collected green fees for the club. This money was kept in the pro shop until turned over to the club. He and his wife were the only ones who had a key to that room. Appellant contends the evidence of the burglary of the pro shop constituted a variance between allegation and proof which vitiates the state's case, citing: State v. Newman, 29 N.M. 106, 219 P. 794; People v. Redman, 39 Cal.App. 566, 179 P. 725; White v. State, 82 Tex.Cr.R. 274, 198 S.W. 964. The rules applicable here are succinctly stated by the Supreme Court of California in People v. Williams, 27 Cal.2d 220, 163 P.2d 692, at page 695, as follows:

"Of course, it is elementary that every fact or circumstance necessary to constitute the crime charged must be alleged and proved, and the proof must correspond with the allegations in the pleading. But technical or trifling matters of discrepancy will not furnish ground for reversal. Under the generally accepted rule in criminal law a variance is not regarded as material unless it is of such a substantive character as to mislead the accused in preparing his defense, or is likely to place him in second jeopardy for the same offense."

It is apparent appellant could not have been misled as to the premises he was charged with burglarizing. From his months of employment there he knew of the occupancy and control of the various parts of the building. It does not appear from the record that he claims to have been misled. The evidence tending to connect him with the entry into both the lounge and the pro shop on the same occasion, both parts of the building described in the information, would bar a second prosecution for the entry into either room separately. Further, Hoge, as president of the club, would have some general supervisory control of the entire building. We find no material variance between the allegation and the proof. State v. Marks, 45 Idaho 92, 260 P. 697; People v. La Marr, 51 Cal.App.2d 24, 124 P.2d 77; State v. Moreno, 64 Ariz. 226, 168 P.2d 237; Carr v. State, 91 Okl.Cr. 94, 216 P.2d 333; People v. D'Antignac, 101 Cal.App.2d 7, 224 P.2d 900; Sedlacek v. State, 147 Neb. 834, 25 N.W.2d 533, 169 A.L.R. 868; People v. Everett, 242 Ill. 628, 90 N.E. 226;

12 C.J.S., Burglary, §§ 38, 44 e; 42 C.J.S., Indictments & Informations, § 256.

Section 19–1415, I.C. provides:

"When an offense involves the commission of, or an attempt to commit, a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to be injured, is not material."

This section is applicable to burglary. Where the information describes the premises burglarized with such particularity that the defendant is not misled, and is not exposed to double jeopardy, an erroneous designation of the ownership or occupancy of the building is immaterial. Referring to this section, the Supreme Court of Arizona in Stewart v. State, 27 Ariz. 240, 232 P. 556, at page 557, said:

"This provision applies as much to burglary as to larceny or any other criminal offense, and under it the name of the owner of the property burglarized is immaterial unless it be necessary for purposes of identification."

This same section was applied by the Third District Court of Appeals of California in People v. Thompson, 3 Cal.App.2d 359, 39 P.2d 425, a burglary case in which the court held that it was not error to permit an amendment to the information to allege the place entered was a garage, in place of the basement under a dwelling, on the same premises; that the offense was not thus changed and that the defendant was not prejudiced, or exposed to a second prosecution for the same offense.

▋ Furthermore, even if the entry into the pro room be regarded as an offense separate from that involved in the entry into the lounge, since the evidence is to the effect that both entries were made at the same time and that defendant was found in possession of the property, apparently coming from both rooms, within a very short time after the entries, evidence as to each of such entries would be competent as tending to prove the other. State v. Emory, 55 Idaho 649, 46 P.2d 67; State v. Sedam, 62 Idaho 26, 107 P.2d 1065. And neither could be fully developed without proving the other. State v. Alvord, 46 Idaho 765, 271 P. 322.

▋ Appellant's last assignment urges error in the admission into evidence of the three bottles of whisky on the ground that it is not shown that these exhibits came from the club. As stated, the evidence shows that whisky of the same type and brand was kept and served in the club. This, together with the circumstances under which these exhibits were found in the unexplained possession of the defendant, entitled them to admission. People v. Frahm, 107 Cal.App. 253, 290 P. 678; State v. Ebel, 92 Mont. 413, 15 P.2d 233; State v. Martin, 118 S.C. 21, 110 S.E. 78;

Hobbs v. State, 38 Ga.App. 205, 143 S.E. 509; 12 C.J.S., Burglary, § 59 c, p. 738.

The judgment appealed from is affirmed.

KEETON, PORTER, ANDERSON and SMITH, JJ., concur.