STATE OF MINNESOTA vs. WILLIAM JOHNSON.

December 22, 1884.

Criminal Law—Larceny—Evidence.—The possession of stolen property by the defendant shortly after the theft; conflicting and unreasonable accounts by him as to his acquisition of it; an attempt by him to dispose of the property to a pawnbroker, and his fleeing, leaving the property undisposed of in the possession of the pawnbroker, when led to suspect that his arrest was contemplated,—constitute sufficient evidence that the defendant committed the larceny to warrant a conviction therefor.

Same—Proof of Intent.—The further facts appearing that the larceny was committed in a dwelling-house in the night-time; that the defendant was not an inmate of the house, and at the time of the closing of the house at night had not been in it,—the proof is sufficient to convict the defendant of entering the house in the night-time with the intent to commit the crime of larceny.

Appeal by defendant from an order of the district court for Hennepin county, *Koon, J.*, presiding, refusing a new trial, after a conviction of the crime of entering a dwelling-house with intent to commit larceny.

*Campbell & Odell*, for appellant.

*William J. Hahn*, Attorney General, and *J. M. Martin*, for the State.

DICKINSON, J.　The defendant was tried and convicted upon an indictment charging the offence of entering in the night-time a dwelling-house, with intent to commit the crime of larceny. Upon the trial evidence was presented going to show these facts: The house described, which was in the city of Minneapolis, was occupied by many persons, guests or boarders, among whom was one Snyder. On the night in question Snyder went to bed, having in his possession a watch and other property. During the night this property of Snyder was stolen from the room occupied by him. The house was closed at 12 o'clock on that night, up to which time the defendant was not in the house. He was not a guest or occupant of the house. Within a week after the larceny, the defendant, having the watch in his possession, offered it for sale at a pawn-shop in the same city. Upon being interrogated as to where he procured the watch, and being requested to wait a moment by the proprietor of the shop, who then went out, the defendant hastily departed, leaving the watch in the possession of the pawnbroker, still undisposed of. When arrested afterwards, the defendant stated that he had purchased the watch upon the street at 2 o'clock in the morning. Upon the trial he testified that he purchased it between 6 and 7 o'clock in the morning. There was no other evidence that the defendant entered the house.

The evidence was sufficient to sustain the conviction for the offence charged. The recent possession by the defendant of the stolen property, his conduct at the pawnbroker's shop, the nature of the account given by him of the manner in which he had acquired it, the conflict between his statement and his evidence in that regard, constituted sufficient proof that the defendant stole the watch. *State* v. *Hogard*, 12 Minn. 191, (293;) 2 Russ. Cr. 337, 338; *Knickerbocker* v. *People*, 43 N. Y. 177; *Com.* v. *McGorty*, 114 Mass. 299; *Ingalls* v. *State*, 48 Wis.

647. The facts that the larceny was committed within the house during the night; that the defendant was not an inmate of the house, and up to the hour of the closing of the house for the night was not in it, —render possible no other conclusion from the premise that he committed the larceny, than that he also entered the house. The felonious intent with which the entrance was effected was properly inferred from the fact of the larceny committed. Roscoe, Crim. Ev. 369; 2 Archb. Crim. Pr. (Pomeroy's Ed.) 1107.

There being no record of exceptions taken to the charge, errors now alleged will not be considered. Gen. St. 1878, c. 117, § 6; *State v. Miller*, 23 Minn. 352.

Order affirmed.