THE STATE OF KANSAS v. H. T. CASH.

1. BURGLARY; *Construction of Statutes.* Section 69 of the act regulating crimes and punishments, when construed in connection with §§ 61 and 63 of the same act, provides that every person who shall be convicted of breaking and entering in the daytime, any dwelling house or other building, or any shop, etc., in which there is not at the time a human being, with intent to commit a felony, or any larceny, is guilty of burglary in the third degree.

2. EVIDENCE *Warrants Conviction.* Where the owner of a dwelling house, upon going to church in the daytime, leaves his house with the doors locked and the windows closed, with no one in it, and upon returning about an hour afterward finds the prisoner inside with his shoes off and in his stocking feet, going from the dining room to the cellar, and upon being told that he would be arrested, said, "It will send me to state's prison," and the prisoner admits that after entering the house he had stolen some milk and crackers, which he had eaten, *held,* the evidence sufficient to warrant the conviction of the prisoner of burglary in the third degree.

*Appeal from Marion District Court.*

PROSECUTION for burglary. From a conviction and sentence at the November Term, 1886, the defendant *Cash* appeals. The facts appear in the opinion.

*L. F. Keller*, for appellant.

*S. B. Bradford*, attorney general, and *Edwin A. Austin*, for The State.

The opinion of the court was delivered by

HORTON, C. J.: Cash was convicted of burglary in the third degree, and sentenced to hard labor in the penitentiary of the state for the term of two years. He appeals to this court. The information was based upon § 69 of the act regulating crimes and punishments. (Comp. Laws of 1885, ch. 31.) This section reads:

"Every person who shall be convicted of breaking and entering, in the daytime, any dwelling house or other building, or any shop, store, booth, tent, boat or vessel, under such circumstances as would have constituted the offense of burglary in the second degree if committed in the night-time, shall be deemed guilty of burglary in the third degree."

Section 63 of said chapter 31, which defines burglary in the second degree by breaking and entering a dwelling house in the night-time, is as follows:

"Every person who shall be convicted of breaking into a dwelling house, in the night-time, with intent to commit a felony or any larceny, but under such circumstances as shall not constitute the offense of burglary in the first degree, shall be deemed guilty of burglary in the second degree."

Section 61 of the same chapter, defining burglary in the first degree, provides:

"Every person who shall be convicted of breaking into and entering, in the night-time, the dwelling house of another, in which there shall be at the time some human being, with intent to commit some felony, or any larceny therein, either: *First*, By forcibly bursting or breaking the wall, or any outer

door, window or shutter of a window of such house, or the lock or bolt of such door, or the fastening of such window or shutter; or, *second*, by breaking, in any other manner, being armed with some dangerous weapon, or with the assistance and aid of one or more confederates, then actually present, aiding and assisting; or, *third*, by unlocking an outer door, by means of false keys, or by picking the lock thereof, shall be adjudged guilty of burglary in the first degree."

Section 69, when read in connection with §§ 61 and 63, provides that every person who shall be convicted of breaking and entering, in the daytime, any dwelling house or other building, or any shop, etc., in which there is not, at the time, a human being, with intent to commit felony, or any larceny, is guilty of burglary in the third degree.

The verdict in this case is sufficiently sustained by the evidence. The burglary was committed at Peabody, in Marion county, on July 11, 1886. Mr. and Mrs. Lincoln, whose dwelling was entered, went to church on that day at 11 o'clock A. M., leaving their house locked up, and the windows closed, with no one in it; and upon returning, about an hour after, found Cash inside, with his shoes off and in his stocking feet, going from the dining room down into the cellar. Cash admits that he was in the house, and had stolen some milk and crackers, which he had eaten. Upon being told by Mr. Lincoln that "he would arrest him," Cash said, "If you arrest me, it will send me to state's prison." It appears from the evidence that Cash was a tramp, who had been stealing rides upon railroads, and had reached Peabody the day he committed the burglary. The defense made by Cash upon the trial was that, being sick from the effects of whisky, he entered the house through an open door, and was resting, and after eating some milk and crackers, when found by Mr. and Mrs. Lincoln. The substantial matter contested upon the trial was, whether there was a breaking into the house within the terms of the statute. On the part of Cash it was and is contended, that there was no evidence whatever to show that any outside door or windows had been broken, unlocked, or opened. As all of the outside doors of the house were locked, and the win-

dows closed, and no one in the house, according to the evidence of Mr. and Mrs. Lincoln, when they went to church, and as Cash was found by them in the house upon their return, it is evident that he could not have entered without a breaking; therefore, if the evidence of Mr. and Mrs. Lincoln is to be believed, Cash did not walk into an open door, as he testified.

Upon the evidence in the case, the sixth instruction of the court, that "In short, the violation of any mode of security which has been adopted by the occupant of a house may constitute a breaking, if followed by an entrance; but entering through an open door is not breaking," was not erroneous, nor misleading.

The mode of security adopted by Mr. and Mrs. Lincoln was the locking of the outside doors, and closing of all the windows; therefore if Cash entered the house through any door or window, he was guilty of forcibly breaking and entering.

The judgment of the district court will be affirmed.

All the Justices concurring.