[No. 20497.  In Bank. — August 1, 1889.]

## THE PEOPLE, RESPONDENT, v. SENECA SWALM, APPELLANT.

CRIMINAL LAW — LARCENY — HUSBAND AND WIFE — COMMUNITY PROPERTY — WIFE'S CONSENT — SEDUCTION. — The taking of community property which is subject to the husband's control and disposition, and which was handed to the accused by a wife whom he had seduced, and the removing of such property from the state clandestinely under an assumed name, with intent either to steal it from both parties, or to steal it from the husband, knowing it to be subject to his control, is larceny. The wife's consent to the taking away of the husband's property after she

had repudiated her relation of wife could not help the accused, if he took it with the felonious intent of depriving the husband of it.

ID. — EVIDENCE OF ADULTEROUS INTERCOURSE. — Upon the trial of such offense, evidence tending to show adulterous intercourse between the defendant and the wife of the owner of the property stolen is admissible, as tending to show that defendant knew that the taking was against the will of the husband, and with intent to steal it from him.

ID. — CRIMINAL INTENT — QUESTION OF FACT — CONFLICTING EVIDENCE. — The question of criminal intent is a matter solely for the jury, whose verdict against the defendant upon conflicting testimony is conclusive.

INSTRUCTIONS. — It is not error to refuse to give an instruction as to a general proposition of law which is already substantially embodied in the instructions of the court so as to be made applicable to the facts in evidence.

ID. — REDUCTION OF COMMON PROPERTY TO POSSESSION OF HUSBAND. — It is not essential to constitute larceny of common property delivered to the accused by the wife that it should have been previously reduced to the manual possession of the husband. It is sufficient that it was known to have been purchased by the wife on the husband's credit, and to have been paid for by him. When so acquired without payment for it in separate property, and without gift to the wife, it became common property, and the wife's possession was that of the husband.

ID. — PRESUMPTION FROM WIFE'S POSSESSION. — If a disputable presumption may be indulged from the wife's possession of personal ornaments that they are hers, such presumption is overcome by proof, to the satisfaction of the jury, that they were purchased with community property, and were not given by the husband to the wife.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*C. B. Darwin,* for Appellant.

*Attorney-General Johnson, Flournoy & Mhoon,* and *Sawyer & Burnett,* for Respondent.

FOOTE, C. — The defendant was convicted of the crime of grand larceny, and from the judgment rendered upon the verdict of the jury, and an order denying him a new trial, he appeals.

His first claim for the reversal of the judgment and order is, that the property, consisting of certain valuable

articles of jewelry, which he is alleged to have stolen, was not the property of the person alleged to be the owner thereof as charged, but was the separate property of his wife.

There is evidence in the record which the jury evidently believed, and which it was their right so to do, which showed that the property in question was bought upon the credit of the husband, and was paid for by him; that the purchase of it by the wife was not authorized by him, but that he finally paid for it, there being no evidence that either spouse purchased it with separate money. It also appears that the husband never gave the wife the property as her own, but made an effort to have it returned to the seller, but it was never returned, and it was afterward given into the hands of the defendant by the wife to be taken out of this state after she had become connected with him. .

Swalm was arrested while endeavoring clandestinely, under an assumed name, to leave this state, and the property found in his possession   He endeavored to bribe the officer arresting him to allow him to proceed on his journey, without avail.

His main defense is, that the wife intrusted him with, ŏr what at least he believed to be such, her separate property, to deposit for her in New York, and that he had no intent to steal any property from her husband.

The property, as has been stated, when it came to the hands of the wife, was that which had been bought upon the husband's credit, billed to and paid for by him, costing several thousand dollars, it not appearing that the separate money of either spouse was used to pay for it. Being acquired after marriage in this way by either or both husband and wife, it became community property. (Civ. Code, sec. 164.) Thus acquired, it came to the possession of the wife from her husband, he having never given it to her as separate property. It remained common property when she handed it over to Swalm. ·

The possession of the wife is that of the husband as to community property. (*Schuler* v. *Savings and Loan Society,* 64 Cal. 400.) He had the title to it, and right of control over it; the wife's interest was a mere expectancy, (*Greiner* v. *Greiner,* 58 Cal. 119.)

The property being that of the husband, and in his possession, the sole question left for determination was, What was the intent of the defendant in taking and carrying it away?

The evidence tending to show that he had seduced the wife, and had been handed the property by her to take away from the state; that he afterward falsely declared it not to be her property, but that of a third party; that he was going away under an assumed name; that he tried to bribe the officer arresting him, and the other facts and circumstances in the case,—were, as we think, sufficient to warrant a belief in the minds of the jury either that the property was purchased by the wife, upon the husband's credit, at the instigation of the defendant, then having the intention, if he could, to steal it from both parties, and that the theft was afterward consummated; or that he received the property from the wife, knowing it to be the husband's, and taken against his will, with a view to steal it. In either point of view, the larceny was complete, for it was the taking and carrying away with felonious intent the personal property of another.

The question of intent was a matter solely for the jury, and they have found against the defendant upon conflicting testimony, and, as we think, properly.

Suppose the wife did consent to the taking away of the property of her husband, if the defendant took it with the felonious intent of depriving the husband of it, her consent when she had repudiated her relation of wife would not help him. (2 Bishop's Crim. Law, sec. 873, 874, and cases cited.) And the evidence tending to show adulterous intercourse between the defendant

and the wife of the owner of the property was admissible and proper, as going to show that the defendant knew that the taking was against the will of the husband, and tending to show that the defendant took the same with intent to deprive the husband of it. The improper intercourse did not make the offense larceny, but it threw a clear light upon the intent of the taking, as showing that the wife's consent was without her husband's knowledge, against his will, and that the defendant knew the facts, and that his intention in taking it was to steal it from the husband. (*People* v. *Grover*, 43 N. Y. 508.)

There was no necessity, as the appellant contends, that the husband after the purchase should have reduced the property in dispute to manual possession. For when acquired, as it was, it became common property, and the wife's possession was the husband's.

The court instructed the jury that the exclusive possession of the wife of the property, being personal ornaments, would warrant the presumption that they were her separate property, and also that this presumption was liable to be rebutted. There was no evidence, as has been observed, that the jewelry had been purchased with the separate property of either spouse. There was the positive evidence of the husband that they had been acquired during the marriage, that he had never made a gift of them to her, and that they were not hers exclusively. This the jury believed, and that is sufficient.

The question as to the belief of the defendant when he took the jewels as to the person to whom the property belonged was for the jury. They found, as we think properly, that he knew the property was that of the husband.

There is nothing in the point that larceny in this state is different from what it is at the common law. (Pol. Code, sec. 4468.)

The defendant was found guilty, not of *adulterous larceny*, as he claims, of which crime there is no mention in

our Penal Code, but of grand larceny, which is "the felonious stealing, taking, carrying, leading, or driving away the personal property of another," exceeding the value of fifty dollars. (Pen. Code, sec. 484, 487.)

It is contended by the appellant that it was error for the trial court to refuse an instruction that the possession of *personal property* by a wife creates a legal presumption that it belongs to her, which must be overcome by a party who would establish the contrary.

The case was apparently tried in the court below, upon both sides, upon the theory claimed by the defendant here that the possession of the wife of personal ornaments suitable to her condition, during the continuance of the community, creates a presumption of ownership in her which is disputable. Conceding without deciding, and for the purposes of this case only, notwithstanding what has been said by the appellate court in *Meyer* v. *Kinzer*, 12 Cal. 253, 254, 73 Am. Dec. 538, that the appellant's view of the law as asked for in the refused instruction is correct, yet the court below in its charge to the jury had already said: "There are several presumptions of law which the code says are disputable, that is to say, they may be controverted by other evidence, and which should control jurors in their action. And among these is, that things which a person possesses are owned by him or her. And I charge you that the exclusive possession by a woman of personal ornaments, such as necklace, bracelets, and such articles as are usually worn by a woman in her condition of life, creates a legal presumption that they are hers, and the presumption increases in strength with the length of time that such possession continues." This was a full statement of the general principle involved in the instruction, and besides, it was made applicable to the facts in evidence. A repetition of the general proposition of law, as claimed and asked for, was entirely unnecessary. Upon the

whole record we perceive no prejudicial error, and advise that the judgment and order be affirmed.

HAYNE, C., and VANCLIEF, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Rehearing denied.