The People v. William Curley.

*Burglary—Venue—Evidence.*

1. The recorder's court of the city of Detroit can take judicial notice that the city of Detroit is within the county of Wayne.
2. Evidence in a burglary case that the owner of the dwelling-house claimed to have been burglarized, on his return thereto, found a door, which his son testified he had bolted after his father left the house, unbolted and open, and a window, which the son testified was closed, open, and the respondent in the house, is sufficient to show a breaking.
3. An intent to commit larceny is sufficiently shown by evidence that a bundle of clothing had been collected, belonging to the inmates of the house, and placed outside the door, and that the respondent was surprised in the house, and fled to escape arrest.

Error to recorder's court of Detroit. (Chambers, J.) Submitted on briefs February 2, 1894. Decided March 6, 1894.

Respondent was convicted of the crime of burglary, and sentenced to imprisonment in the State prison for five years. Judgment affirmed. The facts are stated in the opinion.

*Joseph R. Nolan,* for respondent.

*A. A. Ellis,* Attorney General, *Allan H. Frazer,* Prosecuting Attorney, and *Ormond F. Hunt,* Assistant Prosecuting Attorney, for the people.

MONTGOMERY, J. Respondent was convicted in the recorder's court of Detroit of the crime of breaking and entering the dwelling-house of Julius Weil, in the city of Detroit, in the night-time.

On this appeal it is insisted that the prosecution failed to prove that the offense was committed in the county of

Wayne. The objection is frivolous. The testimony showed that the house broken into was situated at 15½ Jones street, in the city of Detroit. The court in which the conviction was had sat in the city of Detroit, and was styled "The Recorder's Court of the City of Detroit," and can take judicial notice that the city is within the county of Wayne.

2. It is also objected that it does not appear that the house was closed up before the breaking. Joseph Weil, the son of the owner of the house, testified that he returned at half-past 10; that the house was not open at that time; that the side door was closed,—he closed it himself, and bolted it. He was asked about a certain window that was found open at the time the burglary was committed,—as to whether that was closed,—and stated that it was closed; that he knew, because he went through the house. Mr. Julius Weil, the owner of the premises, returned, and found the window in question open, the side door unbolted and open, and the respondent in the house. The evidence was abundantly sufficient to show a breaking.

3. It is contended that there was nothing to show either a breaking into the house, or an intent to commit larceny. As to the breaking, we have already referred to the testimony. As to the intent to commit larceny, it was further shown that a bundle of clothing was collected, belonging to the inmates of the house, and placed outside the door; that the respondent was surprised in the house, and fled to escape arrest, but was overtaken by Mr. Weil, and turned over to the officers. The charge was sufficiently full, and fairly covered the issues in the case.

The judgment will be affirmed.

The other Justices concurred.