### GEORGE MOSELEY v. THE STATE.

No. 2487. Decided March 19, 1902.

**1.—The Rule—Instructions to Witnesses.**

Where the case had been previously tried, and the witnesses had then been properly instructed by the court, when placed under the rule on another trial, it was sufficient for the court to call their attention to the previous instructions and tell them to be governed thereby.

**2.—Bill of Exceptions to Admission of Defendant's Testimony Before Grand Jury.**

A bill of exceptions to the admission of defendant's written testimony before the grand jury is fatally defective which does not set out the written statement or its contents.

**3.—Bill of Exceptions to Evidence.**

A bill of exceptions to the admission of evidence is defective which does not state the grounds of objection to the evidence.

**4.—Burglary—Evidence.**

Under an ordinary indictment for burglary, where the property stolen, after the entry, is not described, it is competent to prove the specific articles of property taken at the time, on the issue of intent.

**5.—Bill of Exceptions to Evidence.**

A bill of exceptions to admitted evidence which states the objections as "irrelevant and too vague and uncertain to warrant a conviction," is too general, and is defective where it does not point out any of the evidence or matters referred to.

Appeal from the Criminal District Court of Dallas. Tried below before Hon. Chas. F. Clint.

Appeal from a conviction of burglary; penalty, five years imprisonment in the penitentiary.

Appellant was charged by indictment with burglary, with intent to commit theft, of the house of one L. O. Prue.

One of the gold rings taken from the burglarized house was given by defendant as a present to his niece. Prue found her in possession of this

ring, identified and claimed it, and recovered it from her. The other property taken at the time of the burglary was not found or recovered.

No briefs on file with the record.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of burglary, and his punishment assessed at confinement in the penitentiary for a term of five years.

The rule was invoked and the witnesses segregated. The court was asked to charge the witnesses not to talk to anyone about the case, nor permit anyone to talk to them. It is stated in the bill that the court refused this request; that the request was repeated and met with the second refusal. The court explains this by stating that he had twice tried the cause, and defendant had been twice convicted. On the first trial the witnesses were properly instructed when put under the rule, and that he deemed it unnecessary to instruct them the second time, except to call their attention to the instruction given upon the previous trial, and to remember such instruction. The court did not abuse its discretion in this matter. We think it was sufficient to call their attention to the previous instruction, and tell them to be governed thereby.

The second bill was reserved to the action of the court permitting Holland, deputy county attorney, who waited upon the grand jury, to identify a statement in writing made before the grand jury and signed by defendant, before defendant denied signing and making the statement. That defendant then objected to the action of the court permitting the introduction of the statement, for the reason that the statement could only be introduced for the purpose of impeachment; and further, because said defendant was a witness before the grand jury and was sworn to keep secret all the proceedings had before the grand jury. This bill is fatally defective, because it does not set out the written statement or in any way advise us as to its contents. Burke v. State, 25 Texas Crim. App., 172; 28 Texas Crim. App., 79, 143.

The third bill of exceptions recites that the court permitted the witness Prue to testify, "that the plain gold ring in evidence was worn by his wife long before they were married, and that he knew said ring was the ring stolen by defendant." And it is further stated, whether as a ground of objection or part of the testimony is not shown by the bill, "that the witness Prue could not identify the ring except from hearsay, and that being told by his wife that it was her ring. To which defendant objected." The grounds of objection are not stated. And the court explains the bill by stating, that defendant's counsel brought out what was told the witness. As presented, there is no error shown.

Exception was also reserved to the action of the court permitting the same witness to testify, "as to three rings, a piece of tobacco, and some

money having been stolen from his house at the same time defendant is charged with having stolen the plain gold ring in question, for the reason that defendant is charged with stealing three rings, a piece of tobacco, and fifteen cents in money, the same not being described in the indictment." This indictment was for burglary, in the ordinary form; and does not describe the property taken from the house, but simply alleges that the burglary was committed with the intent to commit theft. This testimony was all admissible on the question of intent.

The remaining bill of exceptions is as follows: "On the trial, the following proceedings were had that in testifying, all the witnesses for the State were permitted to testify and give evidence against defendant, to * * * matters and things irrelevant and too vague and uncertain to warrant a conviction. To all of which defendant in open court excepted." The explanation to this bill is, that the court knows of no irrelevant matters admitted. The bill is certainly very general, and does not undertake to point out any of the evidence or matters referred to. Bills of exceptions to the admission of testimony must specifically point out the testimony admitted and to which they were reserved.

We are of opinion that the evidence fully sustains the verdict of the jury. The judgment is affirmed.

*Affirmed.*