# STATE v. PETER S. WARD.[1]

January 19, 1912.

Nos. 17,462—(236).

**Burglary — inference of felonious intent.**
> The defendant was convicted of the crime of burglary in the third degree, in that he broke into and entered a room in the Dyckman Hotel, in Minneapolis, with intent to commit the crime of larceny therein. *Held*, the felonious intent with which entrance into the room was effected may be inferred from the fact that he attempted to commit larceny therein. The time and circumstances of his entrance, and acts done therein, are sufficient to sustain a finding that his entrance was not by the consent of the owner, but felonious.

**Evidence of ownership.**
> The proof that the building and room were in the possession and control of the person named in the indictment was sufficient evidence of ownership to support the indictment.

Defendant was indicted, tried and convicted in the district court for Hennepin county of the crime of burglary in the third degree. The substance of the indictment will be found in the opinion. His motion for a new trial was denied, Dickinson, J. From the order denying the motion, defendant appealed. Affirmed.

*John F. Bernhagen,* for appellant.

. *George T. Simpson,* Attorney General, *James Robertson,* County Attorney, and *Mathias Baldwin,* Assistant County Attorney, for the state.

. START, C. J.

The defendant was found guilty of the crime of burglary in the third degree in the district court of the county of Hennepin. The

1 Reported in 134 N. W. 115.

[Note]   Right of one to testify as to his intent, see note in 23 L.R.A.(N.S.) 390.

here material allegations of the indictment are to the effect following:

The defendant, on September 10, 1910, at the city of Minneapolis in the county of Hennepin, Minnesota, then and there being, did feloniously and burglariously break and enter room No. 807 in that certain building known and described as the Dyckman Hotel, No. 24 Sixth Street South, in the city of Minneapolis, the room in the building being then and there the property of, in the lawful possession of, and belonging to Charles D. Collins, with intent then and there the personal property of the said Charles D. Collins, in said room then and there being, feloniously and wrongfully to take, steal, and carry away from the room in the building and the possession of Charles D. Collins, and with intent then and there had and entertained by him, the said Peter S. Ward, to deprive Charles D. Collins of his said property, and to appropriate the same to the use of him, the said Peter S. Ward, contrary to the statute in such case made and provided, and against the peace and dignity of the state of Minnesota.

The undisputed evidence in this case, there being no evidence offered in behalf of the defendant, is sufficient to establish these facts: The building was owned, at the time alleged, by Mr. Andrus; but the Dyckman Hotel Company, a corporation, was the lessee of the building under a lease thereof for thirty years, and it owned the furniture and personal property therein. Mr. Collins, the party named in the indictment, was the president and manager of the corporation, and was personally in possession and control of the building, the room in question, and such personal property, as manager of the hotel. He was accountable to the Hotel Company for the property in his possession. Three guests of the hotel were occupying the room in the hotel described in the indictment at the time therein designated. There were in the room at the time furniture, towels, and other articles of personal property, being a part of the equipment of the room. The door of the room was closed when the guests retired. Early in the morning the defendant was discovered in the room, by one of the guests, on his knees on the floor, removing the pocketbook from the trousers of one of the guests. The

defendant was not a guest of the hotel. Upon being discovered, he attempted to escape, and in doing so assaulted and seriously injured one of the guests, who attempted to stop him. He was afterwards arrested.

The evidence leaves no reasonable doubt of the guilt of the defendant, and he here relies solely upon technicalities, which in no manner affect the merits of the case. The claims relied upon by the defendant for a reversal are to the effect that there was no evidence that he was in the room without the consent of the owner thereof and that there was no proof of the ownership of the building and room as alleged in the indictment.

The gist of the offense charged was the breaking and entering of the room with the intent to commit a crime, larceny, therein. R. L. 1905, § 5043. The felonious intent with which entrance into the room was effected may be inferred from the fact that a larceny was committed or attempted by the defendant therein. State v. Johnson, 33 Minn. 34, 21 N. W. 843. The time and circumstances of defendant's entrance into the room, and the acts done by him therein, as shown by the evidence, are amply sufficient to sustain a finding that his entrance into the room was not with the consent of the owner, but with a felonious intent.

The evidence shows that the building and room were in the possession and control of the person named in the indictment. This was sufficient, and there was no variance. State v. Golden, 86 Minn. 206, 90 N. W. 398; State v. Whitman, 103 Minn. 92, 114 N. W. 363, 14 Ann. Cas. 309.

Order affirmed.