(159 App. Div. 289.)

PEOPLE v. WALTON.

(Supreme Court, Appellate Division, Third Department.   November 26, 1913.)

1. BURGLARY (§ 9*)—BREAKING AND ENTERING—"BREAK."
        Pen. Law (Consol. Laws 1909, c. 40) § 404, declares that a person who, with intent to commit a crime therein, breaks and enters a building, shall be guilty of burglary in the third degree, and section 400, subd. 2, provides that the word "break," as so used, means "opening, for the purpose of entering therein, by any means whatever, any outer door of a building." Held that, where prosecutor, having loaded a wagon with merchandise, left it in a barn, closing the barn door, without locking it, and defendant opened the door and took goods from the wagon, he was guilty of breaking and entering sufficient to sustain a conviction of burglary in the third degree.
        [Ed. Note.—For other cases, see Burglary, Cent. Dig. §§ 6–12; Dec. Dig. § 9.*
        For other definitions, see Words and Phrases, vol. 1, pp. 862–866; vol. 8, pp. 7592, 7593.]

2. CRIMINAL LAW (§ 511*)—EVIDENCE OF ACCOMPLICE—CORROBORATION.
        An accomplice told the details of a burglary, which consisted of entering a barn and the removal of merchandise from a peddler's wagon therein. Some of the stolen property was found on defendant's premises, and he made admissions to two witnesses of a criminal knowledge of the crime, and suggested to prosecutor that he would settle rather than have any trouble. Defendant and the accomplice were also seen together on the night of the burglary. Held, that the facts were sufficient to corroborate the evidence of the accomplice, to sustain a conviction.
        [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1128–1137; Dec. Dig. § 511.*]

Appeal from Fulton County Court.

John Walton was convicted of burglary in the third degree, and he appeals.  Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Eugene D. Scribner, of Gloversville, for appellant.

W. S. Cassedy, Dist. Atty., of Gloversville, for the People.

WOODWARD, J.   The defendant has been convicted of burglary in the third degree in entering the barn of one Isadore Fine and taking therefrom certain articles of merchandise, with intent to steal the same.   The defendant appeals from the judgment of conviction, and urges that the people have failed to establish the crime of burglary, in connection with other matters urged against the judgment.

[1] There is evidence in the case that Isadore Fine, who occupied the barn in question, loaded a quantity of merchandise into a wagon, intending to start on a peddling trip on the following morning, that he closed the barn door, without locking the same, and that on the following morning it was found that the place had been entered and certain of the goods removed.   An accomplice of the defendant testified that he and the defendant went to the barn on the 13th day of November, in the evening, opened the barn door, and went in and looked around, and finally took two shirts; that subsequently they returned and took

more of the same kind of goods, and these goods were produced by the accomplice and identified as belonging to Isadore Fine. We think there can be no reasonable question that the crime of burglary was committed. The evidence clearly negatived the idea that the barn was entered with the consent of the owner, or that the goods were taken from the wagon in a lawful manner. Burglary in the third degree is defined as the act of a "person who with intent to commit a crime therein, breaks and enters a building, or a room, or any part of a building," etc. Section 404, Penal Law (Consol. Laws 1909, c. 40). The word "break," as used in that section, is defined as:

"Opening, for the purpose of entering therein, by any means whatever, any outer door of a building," etc. Section 400, subd. 2.

Clearly, then, in establishing that the barn door was closed, and that the same was opened and goods taken feloniously from a wagon in the barn, constitutes the crime of burglary, and there is no force in this contention.

[2] We think the testimony of the accomplice was properly corroborated. He told in detail of the burglary. Some of the stolen property was found upon the premises of the defendant, and the defendant made admissions to at least two apparently reliable witnesses of a criminal knowledge of the crime, suggesting to Isadore Fine that he would settle with him rather than have any trouble over the matter. The defendant and the accomplice were seen together on the night of the burglary, and while this is not, of course, sufficient corroboration, it is a circumstanstance to be taken into consideration in connection with the other evidence, and in this particular case it tends strongly to disprove the alleged alibi of the defendant.

The defendant, his wife, and one Williams swore to a state of facts which would have made it impossible for the defendant to have committed the crime; but the jury were not bound to believe these witnesses upon a point upon which there was a conflict of the evidence, and we are persuaded that the verdict of the jury ought not to be interfered with in this case.

We do not find error in the charge of the court, nor in the refusals to charge.

The judgment appealed from should be affirmed. All concur.