[Crim. No. 853. First Appellate District, Division Two.—September 8, 1919.]

THE PEOPLE, Respondent, v. GEORGE WAGNER, Appellant.

[1] CRIMINAL LAW—BURGLARY—INTENT—EVIDENCE.—The question of criminal intent is one to be determined by the jury from all the evidence; and where, as in this prosecution for burglary, the evidence produced by the state is believed by the jury and is sufficient to support the verdict, any conflict between the evidence of the defendant and that produced by the state must be resolved against the defendant.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank H. Dunne, Judge. Affirmed.

The facts are stated in the opinion of the court.

Ralph Starke, Bradley V. Sargent and Vincent Surr for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

BRITTAIN, J.—The appellant was convicted on an information charging burglary by entering "the house, room, apartment, tenement, shop, warehouse, store and building" of Michael Logue, in San Francisco. The only question is regarding the sufficiency of the evidence to show burglarious intent.

Logue, the complaining witness, operated a saloon. Back of the saloon ran a passageway, on which opened the living apartments he occupied with his wife. From the passageway also opened a washroom, from which there was a door to an alleyway. Evidently there was another door leading either from the passageway or the washroom to an inclosed yard. Shortly before 10 o'clock on the night in question the appellant, a stranger, entered the saloon and was served with liquor. About 10 o'clock the saloon was closed by Logue. He went to his living apartments across the hall, and, after closing the door from the passageway to the living apartments, he retired with his wife. The door was fitted with a Yale spring lock, which, the evidence showed, automatically locked the door when it was tightly closed. Logue testified that he had slammed the door. Shortly before midnight Logue was awakened by his wife, who said something unusual was occurring in the corridor. He arose and on going to the door leading to the passageway found it open and saw the appellant standing there. He slammed the door and he testified the appellant then tried to shove the door in, and that the appellant made some exclamation, which Logue described as a "yell of disappointment." Logue immediately went into another room, the back one of the living apartments, and saw the appellant trying to get over the fence from the yard. The appellant then ran out of the alleyway. Logue telephoned to the police station, and after a few minutes accompanied an officer to Daly City, where the appellant was arrested, after having been identified by Logue. At that

time the appellant had whitewash on the upper portion of his clothing, which it was claimed was from the fence of the yard. The officer testified that when the appellant was arrested, in response to a statement of the officer that Logue claimed he had committed burglary at his residence, he said, ''You have the right man—I am the man.''

On behalf of the appellant it is argued that under the presumption of innocence which attends the accused, and in view of the silence of the record as to the appellant leaving the saloon after he was served with drinks, the state failed to show a burglarious intent on the part of the appellant. It is argued that he may have gone into the corridor under the influence of liquor, and on coming to his senses after the saloon was closed, he was simply trying to find a way out of the corridor. The appellant relies on the rule announced in *People* v. *Barry*, 94 Cal. 484, [29 Pac. 1026], and *People* v. *Britton*, 142 Cal. 10, [100 Am. St. Rep. 95, 75 Pac. 314]. The defendant took the stand on his own behalf and testified that on the day in question he had been drinking.

[1] The question of criminal intent is one to be determined by the jury from all the evidence. (*People* v. *Swalm*, 80 Cal. 46, [13 Am. St. Rep. 96, 22 Pac. 67]; *People* v. *Noon*, 1 Cal. App. 44, [81 Pac. 746].) The evidence that the locked door of the living apartments was opened; that the appellant was discovered at the door, and concerning his statement to the arresting officer, was believed by the jury who heard the testimony. It was sufficient to support the verdict, and any conflict between the evidence of the appellant and that produced on behalf of the state on appeal must be resolved against the appellant. (*People* v. *Emerson*, 130 Cal. 562, [62 Pac. 1069].)

The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 6, 1919.

Angellotti, C. J., Shaw, J., Lawlor, J., and Wilbur, J., concurred.