(July 14, 1920.)

STATE, Respondent, v. WILLIAM DWYER, Appellant.

[191 Pac. 203.]

CRIMINAL LAW—BURGLARY—INTENT.

1. One who enters a building with intent to steal anything to be found therein, which he may desire to appropriate, is guilty of burglary, although he has no specific article of personal property in mind when he makes the entry.

2. Where the evidence shows the defendant entered a building, committed a theft and immediately went out, the question as to whether the entry was made with burglarious intent is one for the jury.

APPEAL from the District Court of the Eighth Judicial District, for Benewah County. Hon. R. N. Dunn, Judge.

The defendant was convicted of burglary in the second degree. *Affirmed.*

1. On right of one to testify to his intent to commit burglary, see note in 23 L. R. A., N. S., 390.

2. For authorities on intent as element of crime of burglary, see note in Ann. Cas. 1913C, 517.

R. E. McFarland, Jr., and McFarland & McFarland, for Appellant.

"To constitute burglary the felonious intent must exist at the time of the breaking and entry, and it is not enough if it is formed after the entry or even before the entry, if after the breaking." (6 Cyc. 197.)

"The entry must appear to be made with the immediate intent to commit a felony as distinguished from the previous intent to procure admission to the dwelling." (4 R. C. L. 428.)

Roy L. Black, Attorney General, and Jas. L. Boone, Assistant, for Respondent.

Whether or not the intention at time of entry was to steal is a question of fact to be solved by the jury from the circumstances and all the testimony. (*Love v. State,* 82 Tex. Cr. 411, 199 S. W. 623; *Alexander v. State;* 31 Tex. Cr. 359, 20 S. W. 756.)

It is sufficient to prove entry with intent to commit larceny. (Comp. Stats., sec. 8400; 9 Corpus Juris, 1010, note 15, under par. 5; *People v. Brittain,* 142 Cal. 8, 100 Am. St. 95, 75 Pac. 314; *People v. Barry,* 94 Cal. 481, 29 Pac. 1026; *State v. Vierck,* 23 S. D. 166, 139 Am. St. 1040, 120 N. W. 1098; *People v. Ferns,* 27 Cal. App. 285, 149 Pac. 802, 803.)

MORGAN, C. J.—The record discloses that appellant entered the district courtroom in the Benewah county courthouse and there stole a sum of money. He insists there is no evidence that the entry was made with burglarious intent, and that this indispensable element of the crime with which he was charged and of which he was convicted is lacking.

There is no evidence tending to show appellant knew, when he entered the building, the money he took was there. For that matter the evidence will not justify the conclusion he knew there was any specific article of personal property therein which he desired to appropriate. Such knowledge

on his part was not necessary to make his act burglary. C. S., sec. 8400, provides: "Every person who enters any . . . . building, . . . . with intent to commit grand or petit larceny or any felony, is guilty of burglary."

If appellant entered the building in question with intent to steal anything to be found therein which he might desire to appropriate, his act was burglary. He entered the room, stole the money, and immediately went out, and the question as to what intent prompted him to enter was one for the jury. By its verdict it found that intent to be to commit larceny, and the finding is justified by the established facts. (9 C. J., p. 1078, sec. 138; *State v. Johnson,* 33 Minn. 34, 21 N. W. 843; *State v. Ward,* 116 Minn. 516, 134 N. W. 115; *State v. Cash,* 38 Kan. 50, 16 Pac. 144; *Love v. State,* 82 Tex. Cr. 411, 199 S. W. 623; *People v. Curley,* 99 Mich. 238, 58 N. W. 68.)

The judgment appealed from is affirmed.

Rice and Budge, JJ., concur.