(No. 5282.   March 2, 1929.)

STATE, Respondent, v. ALEXANDER BULL, Appellant.

[276 Pac. 528.]

W. W. Mattinson and Barber & Barber, for Appellant.

Frank L. Stephan, Attorney General, and Leon M. Fisk, Assistant Attorney General, for Respondent.

GIVENS, J.—Appellant was convicted of the crime of burglary in the first degree for his alleged aid as a lookout in the burglarizing of a poolroom in Minidoka.

It is urged that the information was defective, that the evidence is insufficient to sustain the verdict, and that the court erred in its instructions to the jury.

The information did not set out the ownership of the pool-hall nor allege that it was the property of one other than the appellant. The only reasons for requiring such allegations are to permit greater certainty in the identification of the building entered and to show that the building entered was entered wrongfully. (*State v. Wilson,*

36 S. D. 416, 155 N. W. 186.) The identity of the building is a necessary preliminary to any showing of a crime but its ownership, as such, is immaterial. (*State v. Wansgaard,* 46 Ida. 20, 265 Pac. 671; *People v. Redman,* 39 Cal. App. 566, 179 Pac. 725; *People v. Mendoza,* 17 Cal. App. 157, 118 Pac. 964; *Stewart v. State,* 27 Ariz. 240, 232 Pac. 556; *State v. Mish,* 36 Mont. 168, 122 Am. St. 343, 92 Pac. 459.)

The statute, in effect, defines burglary as an entry with the intent of committing grand or petit larceny or a felony. (C. S., sec. 8400.) The information following, in substance, the statute was sufficient. (*State v. George,* 44 Ida. 173, 258 Pac. 551; *State v. Bowman,* 40 Ida. 470, 235 Pac. 577; *State v. Lundhigh,* 30 Ida. 365, 164 Pac. 690.)

It appears from the record that the alleged burglary took place during business hours, while the poolroom was open to the public, and that the entry was made through the front door which the general public had been invited to use. With reference to these facts, appellant urges that the evidence is insufficient to sustain the verdict in that it does not appear that an unlawful entry was made.

An invitation to enter for a lawful purpose is not an invitation to enter for an unlawful purpose. In *McCreary v. State,* 25 Ariz. 1, 212 Pac. 336, the supreme court of Arizona, discussing this question, quoted from a decision of the supreme court of California in *People v. Barry,* 94 Cal. 481, 29 Pac. 1026, as follows:

"A party who enters with the intention to commit a felony enters without an invitation. He is not one of the public invited, nor is he entitled to enter. Such a party could be refused admission at the threshold, or ejected from the premises after the entry was accomplished."

In the later case of *People v. Descheneau,* 51 Cal. App. 437, 197 Pac. 126, it was said:

"One may, during business hours when a store is open to the public, enter therein with a view to purchasing goods, and if, after he enters, he concludes to steal, such act would constitute larceny only; but if when he entered he intended

to commit larceny, his act, under the statute of this state, constitutes burglary, even though the proprietor of the store, having knowledge of his purpose in entering, does nothing to prevent it.''

This position was reiterated in *People v. Brittain,* 142 Cal. 8, 100 Am. St. 95, 75 Pac. 314; *People v. Ferns,* 27 Cal. App. 285, 149 Pac. 802; see, also, *Pinson v. State,* 91 Ark. 434, 121 S. W. 751; *State v. Mish, supra; State v. Stephens,* 150 La. 944, 91 So. 349, 23 A. L. R. 286, and note.

The evidence discloses that appellant did not himself enter the building but it is contended by respondent that, while remaining outside, he was acting in the capacity of a lookout. Distinctions between accessories before the fact and principals in the first and second degrees have been abolished in this state. (C. S., sec. 8845.) Therefore, if the building was entered with the intention of committing larceny in furtherance of a common purpose to which appellant was a party, even though he himself made no entry, he would be guilty as a principal. (C. S., sec. 8093.)

The question of the intent with which the building was entered was one for the jury. (*State v. Dwyer,* 33 Ida. 224, 191 Pac. 203; *People v. Wagner,* 43 Cal. App. 248, 184 Pac. 876.)

Appellant urges that want of consent to the taking of the property by its owner, Daugherty, was not shown. In some jurisdictions it is apparently the rule that where the owner of the property is available, he must testify specifically that the taking was without his consent. We think the better rule to be, however, that this want of consent can be shown by other circumstances which, as in this case, clearly establish that the taking was without the consent of the owner. (*People v. Walton,* 159 App. Div. 289, 144 N. Y. Supp. 308; *State v. Patchen,* 36 Nev. 510, 137 Pac. 406; *State v. Ward,* 116 Minn. 516, 134 N. W. 115.)

Appellant urges that the court erred in instructing the jury to the effect that the intent to commit larceny, which must be established as an essential element of the

offense, might be inferred from an unlawful entry followed by larceny.

There was no error in this instruction. Proof of the actual commission of larceny is competent evidence of the criminal intent at the time of the entry. (*Howard v. People,* 62 Colo. 131, 160 Pac. 1060; *Moseley v. State,* 43 Tex. Cr. 559, 67 S. W. 414; *People v. Curley,* 99 Mich. 238, 58 N. W. 68; *State v. Ward, supra.*)

It is urged that the evidence is insufficient to sustain the verdict of guilty. A careful examination of the record discloses that, though conflicting, there is sufficient evidence to support the verdict. (*Chapman v. Rivas,* 39 Ida. 718, 229 Pac. 745; *State v. Neidermark,* 35 Ida. 703, 208 Pac. 232; *State v. White,* 33 Ida. 697, 197 Pac. 824.)

The judgment is affirmed.

Budge, C. J., Wm. E. Lee, J., and Hartson, D. J., concur.