[Crim. No. 3206.   Second Appellate District, Division Two.—July 17, 1939.]

THE PEOPLE, Respondent, v. GEORGE B. MORRIS, Appellant.

Reuben Licker and Jerome Weber for Appellant.

Earl Warren, Attorney-General, and John L. Nourse, Deputy Attorney-General, for Respondent.

WOOD, Acting P. J.—Defendant was charged with nine counts of forgery. At a trial by the court without a jury he was acquitted of the charges contained in counts I and II of the information and was convicted upon counts III to IX, inclusive. He appeals from the judgment and from the order denying his motion for a new trial.

Defendant admits that he forged the names of the payees named in the various checks but contends that the prosecution failed to prove that he had done so with the intent to defraud.

Defendant, a builder by occupation, was in need of funds to finance his business, being embarrassed by certain judgments which were of record against him. He engaged the services of Percy C. Bokofsky, an attorney at law, who agreed to furnish the sum of $448, a percentage of the purchase price of five lots in Glendale. Through the intervention of Bokofsky one Edgar D. Walker was induced for a small consideration to act as "dummy" in the transaction. The first payment was made on the lots and title conveyed to Walker and his wife. For the purpose of obtaining funds for construction purposes Mr. and Mrs. Walker executed promissory notes and deeds of trust covering two of the lots in favor of Mutual Building and Loan Association of Pasadena. Notes and deeds of trust covering the other lots were made in favor of Smith and Sons Investment Company. Both of these concerns loaned money for building purposes, the checks issued by Mutual Building and Loan Association being payable to Bokofsky and the checks issued by Smith and Sons being payable to the Walkers.

Defendant obtained possession of two checks issued by Smith and Sons, forged the indorsements of the Walkers and deposited the proceeds in his personal bank account. These two checks form the basis of the charges contained in counts I and II of the information, and the trial court found defendant not guilty on these two counts, holding that there was sufficient evidence of an implied authority to indorse the checks on behalf of the Walkers to prevent a conviction thereon.

The checks payable to Bokofsky were held in trust by him and placed in his "clients account". Thereafter he disbursed the funds to defendant or, upon defendant's order,

to the various persons who were furnishing material and labor for the work under construction. He issued checks when requested by defendant without examining the invoices. On several occasions at defendant's request and upon his representation that funds were required to pay outstanding bills Bokofsky issued checks payable to specified contractors, but defendant forged the indorsements of the payees named therein and deposited the checks in his personal account. A portion of these funds was used for his personal expenses. The counts upon which defendant was found guilty are based upon these forgeries.

The payees named in the checks referred to in counts III to VII inclusive were later paid the amounts due them, but the payees named in the checks referred to in counts VIII and IX have not been fully paid.

A bank account was opened by defendant on August 1, 1938, but the only deposits made in the account were the checks received in the above-mentioned transactions. Defendant paid certain construction bills from this account but he admitted that he also made a number of personal withdrawals from it. On some occasions defendant postdated checks which he issued, and occasionally his account was overdrawn. On October 22, 1938, defendant left the state and was arrested in Florida. At that time only one of the houses was completed and construction had ceased on the others.

In a prosecution for forgery the specific intent to defraud must be proved. (*People* v. *Mitchell*, 92 Cal. 590 [28 Pac. 597].) The question of the alleged fraudulent intent of defendant in indorsing the names of various payees was for the trial judge as a trier of fact. If the evidence is such that the trial judge could reasonably draw therefrom the inference of intent to defraud, his finding cannot be disturbed by a reviewing court. (*People* v. *Remsberg,* 92 Cal. App. 615 [268 Pac. 672].)

We are satisfied that the finding of fraudulent intent by the trial court is justified by the evidence. Defendant began the construction of the buildings without funds and arranged for the receipt of funds from the lending companies for the express purpose of constructing the buildings. The lenders were entitled to have every cent of this money used in the construction of the buildings. The Walkers, who signed the

promissory notes, were financially obligated and they also were entitled to have the funds properly applied. Bokofsky held the funds in trust for use only in the construction of the buildings, and defendant had no right whatever to use any portion of the funds for any other purpose. Defendant used at least a portion of the funds improperly for his personal use, and in all of the instances referred to in the information caused delay to the payees in receiving the amounts due them. By the process of depositing the checks received from Bokofsky in his own bank account he obtained the personal use of the funds for certain periods of time. The fact that defendant may have intended to pay in full the debts due to payees named in the checks does not relieve him from the criminal responsibility brought about by his activities in indorsing their names to checks and depositing them in his own bank account. (*People* v. *Talbot,* 220 Cal. 3 [28 Pac. (2d) 1057].)

The judgment and order are affirmed.

McComb, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 14, 1939.